## LUCAS, COMMISSIONER OF INTERNAL REVENUE, *v.* NORTH TEXAS LUMBER COMPANY.

No. 92. Argued January 15, 16, 1930.—Decided February 24, 1930.

*Solicitor General Hughes,* with whom *Assistant Attorney General Youngquist, Messrs. Randolph C. Shaw* and *J. Louis Monarch,* Special Assistants to the Attorney General, *C. M. Charest,* General Counsel, and *Shelby S. Faulkner,* Special Attorney, Bureau of Internal Revenue, were on the briefs, for the petitioner.

*Mr. Albert B. Hall,* with whom *Mr. Joseph J. Eckford* was on the brief, submitted for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The respondent, a Texas corporation, for some time prior to 1917 was engaged in operating a sawmill, selling lumber and buying and selling timber lands. December 27, 1916, it gave to the Southern Pine Company a ten day option to purchase its timber lands for a specified price. The latter was solvent and able to make the purchase. On the same day title was examined and found satisfactory to the Pine Company. It arranged for the money needed and December 30, 1916, notified respondent that it would exercise the option. On that day respondent ceased operations and withdrew all employees from the land. January 5, 1917, the papers which were required to effect the transfer were delivered, the purchase price was paid and the transaction was finally closed.

Respondent kept its accounts on the accrual basis and treated the profits derived from the sale as income in 1916. The Commissioner of Internal Revenue determined that the gain had been realized in, and was taxable for 1917. The Board of Tax Appeals sustained his finding. 11 B. T. A. 1193. The Circuit Court of Appeals reversed the Board. 30 F. (2d) 680.

The gain derived from this sale was taxable income.[1] If attributed to 1916 the tax would be much less than if made in 1917.[2] Section 13 (d) of the Revenue Act of 1916 provided that a corporation keeping its accounts upon any basis other than that of actual receipts and disbursements, unless such other basis failed clearly to reflect income, might make return upon the basis upon which its accounts were kept and have the tax computed upon the income so returned.[3]

An executory contract of sale was created by the option and notice, December 30, 1916. In the notice the purchaser declared itself ready to close the transaction and pay the purchase price " as soon as the papers were prepared." Respondent did not prepare the papers necessary to effect the transfer or make tender of title or possession or demand the purchase price in 1916. The title and right of possession remained in it until the transaction was closed. Consequently unconditional liability of vendee for the purchase price was not created in that year. *Gober* v. *Hart,* 36 Texas 139. Cf. *United States* v. *Anderson,* 269 U. S. 422, 441. *American National Company* v. *United States,* 274 U. S. 99. The entry of the purchase price in respondent's accounts as income in that year was not warranted. Respondent was not entitled

---

[1] § 2 (a), Act of September 8, 1916, 39 Stat. 756, 757. § 1200, Act of October 3, 1917, 40 Stat. 300, 329.

[2] § 10, Act of September 8, 1916, 39 Stat. 756, 765. § 201, Act of October 3, 1917, 40 Stat. 300, 303.

[3] 39 Stat. 756, 771.

14

to make return or have the tax computed on that basis, as clearly it did not reflect 1916 income.

*Judgment reversed.*