IVAN A. GREENWOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER P. GREENWOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36514, 36515.   Promulgated April 10, 1931.

*Irvin W. Stillinger, Esq.*, for the petitioners.
*Hartford Allen, Esq.*, for the respondent.

1188

OPINION.

VAN FOSSAN: The petitioners contend that the $5,500. payments received by each of them in 1922 from S. Chester Crobaugh were in part payment of compensation for services under the agreement dated November 1, 1920. The respondent maintains that the said sums did not become the property of the petitioners during 1922, but constituted taxable income for the year 1923, when the petitioners became vested with the absolute ownership of the cash with no conditions or contingencies as to repayment.

We are of the opinion that by the execution of the memorandum of agreement of November 1, 1920, the four parties thereto became joint venturers, and that their subsequent actions are to be viewed accordingly.

We are of the further opinion that the offer to purchase, dated September 26, 1922, and the acceptance thereof the following day, limited as they were by their terms, constituted an executory contract of sale under which unconditional liability was not created until final compliance with the terms in April, 1923. *Lucas* v. *North Texas Lumber Co.*, 281 U. S. 11; affirming 7 B. T. A. 1193.

By the terms of the offer the payment of $25,000 was subject to be returned in event the assignment was not tendered by May 1, 1923. The memorandum of agreement of November 1, 1920, provided that no sale could be effected without the concurrence of at least three of the parties thereto. In the absence of evidence to the contrary, we assume that the contract was complied with and, though the acceptance bore only the name of Crobaugh, it was a valid contract so far as the joint ventures were concerned. The acceptance of the offer and the receipt of the payment of $25,000 by Crobaugh were for and on behalf of the four parties in interest and the limitations bore equally on all. Thus, when Crobaugh paid petitioners $11,000 out of the $25,000 received by him, they accepted it subject to such limitations. Petitioners in their brief concede that they would have been obliged to return the payment if the transaction had not been closed in 1923. This, as well as the express provision of the contract against commissions, negatives the interpretation asked by petitioners that these payments to them were in the nature of payments for services or commissions. There is no evidence that the sale was accomplished through the efforts of petitioners. Crobaugh, being the titular and legal owner of the lease, was a proper person to make the contract of sale and to execute the assignment of the lease. So far as these cases are concerned, however, it is immaterial who was the legal owner of the lease or who negotiated the sale. As joint venturers the petitioners would share equally in the benefits and burdens. The contract, being an executory contract of sale as to Crobaugh, was equally so as to petitioners. The fact that petitioners kept their books on a cash basis is not conclusive evidence of the fact that every payment of money coming into their possession was income.

The decision in *Boston American League Base Ball Club*, 3 B. T. A. 149, relied on by petitioners, is clearly distinguishable. In that case we dealt not with an executory contract of sale, but with a completed sale subject only to a possible future condition. There the parties to the contract had fully performed all conditions. The only reservation was the possibility of certain adverse action by a third party. As between the parties the contract was complete. In the instant case a very different situation is presented. Here the parties to the agreement had not completed their obligations in 1922 and might never fully perform them.

It follows that petitioners did not receive income until April, 1923, when the unconditional liability of the vendee was created.

*Decision will be entered for the respondent.*