NUMBER NINE PLANTATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21930. Promulgated June 30, 1931.

*Benjamin E. James, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

976

OPINION.

TRAMMELL: The only question here is when the transaction was consummated or closed. The answer to this question really depends upon whether the agreement entered into on August 17, 1925, was a contract to sell or was an actual sale of the property. In our opinion, that contract was executory and not executed or completed. The vendor agreed to sell upon certain conditions and the vendee agreed to buy upon certain conditions. These conditions had not been met prior to October 14, 1925, which was the fiscal year 1926. The vendor agreed to furnish an abstract of title to the property and the vendee was not obligated to pay any consideration other than the $10,000 already paid which was the consideration for the executory

contract, until on or before forty-five days from the date of delivery of complete abstracts and upon the execution and delivery of a certain mortgage. The contract of sale quoted in our findings indicates, upon its face, that the actual sale and conveyance was to be made in the future. One indication of this intention is the statement that all taxes and insurance payments upon the property are to be prorated as of the date of the delivery of the deed, that the vendor shall pay all prior taxes and insurance, and that the vendee shall assume and pay all taxes and insurance thereafter due. The remedy, in the event that the vendee had failed to pay the purchase price, would have been an action in damages for breach of contract and not for the purchase price. It is true that the vendee would have had an action of specific performance if he had complied with his agreement. This action, however, would have been to compel the vendor to comply with its contract to sell.

We think that our conclusion herein reached finds support in the case of *Lucas* v. *North Texas Lumber Co.*, 281 U. S. 11. In that case the Lumber Company gave to the Southern Pine Company a ten-day option to purchase its timber land for a specified price. On the same day the title was examined and found satisfactory and on December 30, 1916, the Pine Company notified the Texas Lumber Company that it would exercise its option and on that date ceased operations and withdrew all employees from the land. The option set forth the terms of the sale, which were accepted. Nothing remained to be done except the execution of the papers and the payment of the purchase price. The court said that only an executory contract was created by the option and notice of acceptance. The purchaser, in the notice of acceptance, declared itself ready to close the transaction and pay the purchase price " as soon as the papers were prepared." These papers were not prepared until January, 1917. The court said that the title and right of possession remained in the vendor until the transaction was closed, that unconditional liability of the vendor for the purchase price was not created until 1917.

In the case before us the vendee was not obligated to make any payments on the purchase price of the land until an abstract of title had been furnished. While there was no obligation on the part of the vendee to make any payments, it actually made a payment of $38,000 on September 29, 1925, in addition to the $10,000 which was paid at the time of the execution of the contract. It was clearly indicated that it was the intention of both parties that the deal was not to be considered closed until the entire amount of $65,000, referred to in

the agreement, was paid. There is testimony to the effect that the vendor did not know whether the transaction would be closed until the last of the $65,000 payment was made. We consider that the $10,000 payment made at the time of the execution of the contract was merely the consideration for the execution of that contract, although if the contract were carried out it was to apply on the purchase price. If it were not carried out, it was to be forfeited together with any other payments as liquidated damages. The agreement also provided that the time for making the payments set out in the contract was to be considered an essential part of the agreement. This would indicate that the parties did not intend that there was an actual sale until the provisions of the agreement had been met. It may well have been that when the vendee received the abstract of title which was to be furnished before he was obligated to make payments, he might have discovered that the vendor did not have title to convey and clearly it was not intended that the sale was consummated until he had an opportunity to examine the abstract. This consideration was clearly a condition precedent to the consummation of the sale and this fact in connection with the other facts and conditions contained in the agreement indicate that there was not an unconditional liability of the vendee for the purchase price in the fiscal year 1925. The vendor was in no position to demand the $65,000 payment in that fiscal year, because it had not complied with its agreement. The vendor, not having furnished the abstract and other papers required to effect the transfer, had made no tender of title or possession, and the vendee, having received none and being in no position at that time to demand title or possession, we do not consider that the sale was made until those conditions had been met. The taxpayer did not offer possession or right of possession and the vendee exercised no right of possession until that time. We think the circumstances of this case distinguish it from those cases where a portion of the purchase price had been paid pursuant to an unconditional contract to sell.

We do not think that it is material in this case that the vendee, on the same day that he executed the contract above quoted, entered into another contract to sell the property to others. At the time he entered into this contract to sell to others he was in no position to comply therewith unless his own contract had been complied with. This does not indicate that the vendee had actual possession or exercised any rights of ownership.

*Judgment will be entered under Rule 50.*