*1349 OPINION.
Arundell:
The petitioners claim a loss for 1929 on the ground that the stock of the American Company became worthless in that year. The respondent resists the allowance of a deduction, arguing that any loss on the sale of the American Company’s assets was the loss of that company alone; that the Louisville Company — and not the petitioners — owned the stock of the American Company; and that in any event the sale of assets was not consummated in 1929 so as to support a loss deduction in that year.
The theory underlying petitioners’ claim is that they were the beneficial owners of the American Company stock and that the *1350 Louisville Company was acting merely as their agent in acquiring the stock. There is nothing in the record to establish the creation of an agency except the testimony of one witness that that was the intent. If the Louisville Company was acting only as agent it is not likely that it would have obligated itself to pay $210,195.70 as it did by giving its note in that amount. The fact is that the Louisville Company was the purchaser and owner of the American Company stock and the only interest of petitioners in the stock was the indirect one of stockholders in the Louisville Company.
Furthermore the evidence does not satisfy us that the sale of the American Company’s assets was consummated in 1929. While the company had agreed to sell, and a deposit was made by the purchaser in 1929, title was not transferred until 1930. In this case, as in Lucas v. North Texas Lumber Co., 281 U. S. 11, “the title and right of possession remained ” in the vendor at the close of 1929, and “unconditional liability of vendee for the purchase price was not created in that year.” See also Newaygo Portland Cement Co., 27 B. T. A. 1097. We, accordingly, hold that petitioners are not entitled to a loss deduction in 1929 on the American Company transaction.
It does not follow, however, that the petitioners may not be entitled to a loss in 1930 when the American Company disposed of its assets. True, the petitioners did not own the stock, but they contributed to the Louisville Company to enable it to buy the American Company stock. They therefore had a capital investment in the Louisville Company to the extent of the cost of their stock therein plus the amounts paid in to reimburse that company for its purchase of American Company stock. Consequently, when the American Company disposed of all of its assets that fact would be reflected in the investment of petitioners in the Louisville Company.
The evidence satisfactorily establishes that the stock of both the Louisville and American Companies became worthless in 1930. Both of them disposed of their plants and equipment in that year. It appears from the balance sheets that the Louisville Company retained some receivables, but they were exceeded by the liabilities. Both companies had ceased to exist as operating concerns and there was no hope of the stockholders receiving any return on their investment after 1930. It is our opinion, and we so hold, that petitioners sustained a deductible loss in 1930 in the amount of the original cost to them of the Louisville Company stock and the amounts contributed by them to that company and used by it in the purchase of the American Company stock. The amounts so deductible are not established clearly enough for us to say definitely what they were. For instance, the Parkland Ice & Coal Company was a joint maker of a note with the Independent Ice & Coal Company, but it appears *1351 that the Parkland Company never paid anything. If it was released from liability it, of course,- would not be entitled to a deduction. We cannot agree with the contention of petitioners that, because they failed to deduct interest currently, it should be included in the amount of the investment. Interest was deductible in the year of accrual and may not be added to the principal. Cf. Central Real Estate Co., 17 B. T. A. 776; affd., 47 Fed. (2d) 1036. The amount of the capital investment by each petitioner may bo shown by the parties in the recomputation that will need to be made.

Decision will he entered under Bule 50.