**COMMISSIONER OF INTERNAL REVE-NUE v. NORTH JERSEY TITLE INS. CO.**

**No. 5741.**

Circuit Court of Appeals, Third Circuit.

Sept. 13, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Louis E. Spiegler and N. Norman Mayer, both of Washington, D. C., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. In 1927, the respondent, an insurance company, entered into a written contract for the sale of its office building. $2,000 down money was paid upon execution of the contract. On October 1, 1927, the respondent, in accordance with the agreement, tendered a deed and offered to deliver possession of the property, but the purchaser refused to accept delivery. The respondent thereupon instituted suit in a New Jersey Court of Chancery and on April 16, 1928, that court entered a decree for specific performance, interest to run from October 1, 1927. The purchaser then paid the amount of the decree in full. The respondent kept its books on the accrual basis of accounting. The record discloses that the respondent failed to make an entry in its books in 1927 of the profit derived from the sale of the property. The Commissioner ruled that the sale was consummated in 1928, and that the profit therefrom was subject to tax. He assessed a deficiency for 1928. The Board of Tax Appeals held

that the sale was consummated in 1927, that the profit therefrom was accrued income in that year, and that the sale did not give rise to taxable income in 1928. This is an appeal by the Commissioner.

The amount of the profits from the sale is not in dispute. The question is whether the profits were returnable in 1927, the year in which the agreement of sale was executed, or in 1928, the year in which the purchase money was received by the respondent. If the profits were returnable in 1927, section 246 (b) (1) of the Revenue Act of 1926, 44 Stat. 9, 49 (26 USCA § 204 note), applied and no tax was due because the amount earned was not from investment income or underwriting income within the meaning of that act. If the profits were returnable in 1928, they were taxable as gains resulting from "the sale or other disposition of property" within the meaning of section 204 (b) (1) of the Revenue Act of 1928, 45 Stat. 791, 844 (26 USCA § 204 note). To support his contention that the sale was not consummated until 1928, the petitioner cites Lucas v. North Texas Lumber Company, 281 U. S. 11, 50 S. Ct. 184, 74 L. Ed. 668. In that case, the taxpayer, on December 27, 1916, gave the Southern Pine Company a ten-day option to purchase the taxpayer's timber lands. On the same day title was examined and approved. On December 30, 1916, the Southern Pine Company sent a notice to the taxpayer that it would exercise its option and pay the purchase price as soon as the requisite papers were prepared by the taxpayer. No papers were prepared and no tender of title or of possession was made until January 5, 1917. The Supreme Court held that the contract was consummated in 1917. That case may be distinguished from the case here. In the instant case the agreement was an executed contract of sale, while in the cited case, the court was dealing with an executory contract of sale, as. is shown by the following excerpt from the opinion of the Supreme Court: "An executory contract of sale was created by the option and notice, December 30, 1916. In the notice, the purchaser declared itself ready to close the transaction and pay the purchase price 'as soon as the papers were prepared.' Respondent did not prepare the papers necessary to effect the transfer or make tender of title or possession or demand the purchase price in 1916. The title and right of possession remained in it until the transaction was closed. Consequently unconditional liability of vendee for the purchase price was not created in that year."

Whereas no unconditional liability arose on the part of the vendee in the Lucas Case, supra, until the later year, when tender of title and possession were made by the vendor, in the instant case, the liability of the vendee was unconditional in the earlier year, since nothing remained to be done except the payment of the purchase price.

■ The petitioner treats as significant the fact that profits from the transaction were not entered on the books of the respondent as accrued in 1927. On questions concerning the taxability of income, we are to be guided by facts and not by bookkeeping entries. It has been held that the latter, though evidential, are never conclusive. In Doyle v. Mitchell Bros. Co., 247 U. S. 179, 187, 38 S. Ct. 467, 470, 62 L. Ed. 1054, the Supreme Court said: "Nor is the result altered by the mere fact that the increment of value had not been entered upon plaintiff's books of account. Such books are no more than evidential, being neither indispensable nor conclusive. The decision must rest upon the actual facts, which in the present case are not in dispute."

In United States v. Nipissing Mines Co. (D. C.) 202 F. 803, 804, the court said: "The suggestion that there can be no allowance for depreciation unless such depreciation is entered in the books of the company, recorded from time to time, seems to me without force. The books may be very badly kept, kept in such a way as will in the end bring them into trouble and difficulty; but this act does not provide any penalty for bad bookkeeping."

In Coatesville Boiler Works, 9 Board of Tax Appeals 1242, 1255, where insurance, taxes, interest, and work in process had not been accrued on the taxpayer's books, the Board said: "The evidence as a whole shows that the petitioner kept its books and computed its income on the accrual basis. The fact that some deferred items were not accrued may indicate defective bookkeeping, but can not change the fundamental basis upon which the books were kept. * * * Since that method appears in any event to approach more closely the predominating method employed by the petitioner, the action of the respondent in so computing the net income must be approved." See Olsen v. Luckenbach

(D. C.) 238 F. 237; Robert P. Hyams Coal Co. v. United States (D. C.) 26 F.(2d) 805.

█ Although the respondent did not make a book entry in 1927, recording the profits from the transaction, the fact that it kept its books on the accrual basis necessarily imposed upon it the duty of treating the profits as accrued income in 1927, since a taxpayer may not shift his method of accounting within the taxable year so as to report some items on the accrual basis and others on the cash receipts and disbursements basis. The rule is tersely stated by Mr. Justice Roberts in Mass. Mutual Life Ins. Co. v. U. S., 288 U. S. 269, 273, 53 S. Ct. 337, 339, 78 L. Ed. 739, as follows: "It is settled beyond cavil that taxpayers other than insurance companies may not accrue receipts and treat expenditures on a cash basis, or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis."

█ We conclude from the fact that the contract provided for the sale to be executed on October 1, 1927, and that the respondent did everything that was required of it in that year, namely, tendered the deed and offered possession, that the contract was fully executed in 1927, and that the profits therefrom were accrued income in that year.

The decision of the Board of Tax Appeals is affirmed.