## WOODWARD CONST. CO. v. CLARK.

Civ. No. 3092.

United States District Court
D. Wyoming.

Nov. 22, 1948.

Harry B. Henderson and E. Keith Thomson, both of Cheyenne, Wyo., and James R. Felt, of Billings, Mont., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., and Carl L. Sackett, U. S. Atty. and John C. Pickett, Asst. U. S. Atty., both of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

This is a suit in which plaintiff seeks to recover income taxes claimed to have been erroneously paid and illegally assessed. The first item concerns an amount which was included in a return by the plaintiff for the year 1942 on account of not having accrued during that year but which did accrue the following year and should have been included in the income of the latter year. The other two items relate to the disallowance of claims for salaries of the president and secretary of the plaintiff company.

Briefly stated, the first item grows out of the following circumstances: The plaintiff, being a contractor, entered into a contract with the Highway Department of the State of Wyoming for construction work, which contract contained a clause providing that the final estimate under the contract, including the 15% of estimates retained as is common under such contracts, should not be due or payable until notice of a completion and acceptance of the work should have been given by publication and posting in the manner provided by the laws of the State. This law, being Section 22-505, W.C.S.1945, provides in substance that before any final estimate should be paid there should be caused to be published in a newspaper of general circulation and a posting in three conspicuous places on such work for 40 days, a notice that the work had been accepted and completed and that on the 41st day after the first publication of the notice the amount remaining due the contractor would be paid.

The bookkeeper of the plaintiff entered the amount of the entire contract price as a part of its income for the year 1942. As a matter of fact, the forty day period provided by the required notice did not expire until January 20, 1943, and the payment was not made until January 21st of that year. The tax was paid upon the basis of the return made by plaintiff but thereafter the plaintiff sought refund of the amount of the tax applicable to the retained portion of the contract which was not paid until the year 1943, which claim was rejected. This suit relates to the recovery of

that sum or its application for tax purposes to the income of plaintiff for the year 1943.

Manifestly, if the amount was included by mistake or for any other reason was not legally included in the year 1942 as a part of the income for that year, plaintiff should have the right to have its income taxes adjusted accordingly. Plaintiff maintains that it was erroneously included for the year 1942 while the defendant collector maintains that it was properly included. This apparently frames the issue which is before the Court for determination. It seems to be admitted by both parties that the income returns of the plaintiff are figured on the accrual basis which presents the exact question as to whether or not under the facts here the item in controversy had actually accrued in the year 1942. As to what the accrual basis means, Mr. Chief Justice Hughes, in Spring City Foundry Co. v. Commissioner, 292 U.S. 182, at page 184, 54 S.Ct. 644, 645, 78 L.Ed. 1200, says: "Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income."

■ Did such right to receive the amount in controversy exist under the circumstances in the case at bar? I am inclined to think that under the facts in this particular case such right did not exist by reason of the terms of the contract and the law of the State of Wyoming under which it was entered into and the provisions of the law by which the contractor should be entitled to receive his money. As a matter of fact, the contractor had no right to receive the balance due upon his contract completed during the year 1942 nor did the Highway Department have the right to pay such balance until the expiration of the forty day period of advertising and notice. This theory is supported by the case of Lucas, Commissioner, v. North Texas Company, 281 U.S. 11, 12, 50 S.Ct. 184, 74 L.Ed. 668. Although not analogous as to facts, that case supports the principle that where requisite conditions have not been fulfilled with accounts being kept on that accrual basis, the obligation could accrue only in the year in which the obligation becomes definite. It therefore must be held that the amount of the reserved payment of $17,471.12 was not income for the year 1942 and the plaintiff is entitled to its recovery or to have its return corrected by its inclusion in its 1943 income.

■ As to the remaining items in the suit relating to the disallowance of salaries claimed in the income return for years subsequent to those in which the services for such salaries were performed, the situation grows out of the action of the corporation in suspending the payment of a portion of the salaries of these officials when the corporation was unable on account of its financial condition to pay them but providing in its corporate resolutions that a portion of such salaries would be waived for the years in which the services were performed and carried on until such times as the corporation would in its financial situation be able to pay such deferred amounts. Suffice it to say that the Court believes that such claims cannot be sustained. Both the oral testimony and the corporate resolutions seem to clearly suggest that the salaries were merely deferred as to time of payment until there were available funds. It is quite obvious that such a situation cannot and should not prevail under our Revenue Laws. Otherwise it would permit corporations to shift their rights from one year to another to suit their corporate convenience and thereby penalizing the Government by the reduction of its legitimate taxes in the favorable years.

For these reasons, the claims of plaintiff as to the allocation of salaries will be denied and the allocation by the Commissioner sustained.

This brings the attention of the Court to the fact that if the conclusions in this case are carried into effect, it will require an entire readjustment of the taxes of the plaintiff during the years in controversy. As a practical solution, the taxes of the plaintiff should be readjusted for the years in controversy and the case concluded upon that basis rather than strict recovery by the plaintiff of the amount involved. This,

however, may be left to the determination of counsel as to what form findings of fact and conclusions of law, together with judgment, may take under the foregoing rulings. This duty will devolve upon plaintiff's counsel, but in collaboration with counsel for defendant, and an order may be entered that such findings, conclusions and judgment may be tendered to the Court on or before December 13, 1948.