*Decisions will be entered under Rule 50.*

SAMUEL C. CHAPIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTHER HILL CHAPIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16329, 16330.   Promulgated February 28, 1949.

*John R. Stivers, Esq.,* and *W. G. Boone, Esq.,* for the petitioners.
*D. Louis Beryeron, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The problem in this case is not the more simple one of when the right to receive money should be accrued for income tax purposes. The question here is, When did the petitioners realize their profit upon the sale of land. It was not their regular business to sell land and their case is not necessarily like that of a merchant selling his wares. Section 111 provides that the gain from the sale of property shall be the excess of the amount realized over the adjusted basis and the amount realized is the sum of any money received, plus the fair market value of whatever else is received. Determination of the gain involves a computation. It has always been recognized that all expenses of sale enter into that computation. Thus, while the amount to be received as purchase price and the expenses might all be accrued in advance of payment, nevertheless, they are the accruable items, rather than the gain itself, which is necessarily the result of a computation. The gain from a casual sale of real estate can not be reported, even by one using an accrual method, until the amount of the expenses of the sale is fixed and known.

Here the petitioners had to obtain mortgagee title insurance and had to have their attorney prepare an abstract of title and deeds satisfactory to the Farm Security Administration. They did not do those things in 1943 and the record does not show that the cost of those items was fixed or known in 1943. The record does not show that the petitioners kept any books or that they accrued on any books kept in 1943 the various receipts and disbursements which would be necessary factors in computing gain from the sale. It appears that they may have reimbursed the buyers after 1943 for interest on their loans to the Government. That might be a factor in computing their gain. Not all of the events had occurred in 1943 which fixed the amount of the gain. Also the petitioners retained possession and farmed the land during 1944. The Commissioner did not err in holding that that gain was taxable income of 1944 and not 1943. *Lucas* v. *North Texas Lumber Co.*, 281 U. S. 11. Cf. *Franklin County Distilling Co.* v. *Commissioner*, 125 Fed. (2d) 800.

*Decision will be entered for the respondent.*