J. Presper Eckert and Ethel M. H. Eckert v. Commissioner.
Eckert v. Commissioner
Docket No. 24009.
United States Tax Court
1952 Tax Ct. Memo LEXIS 230; 11 T.C.M. (CCH) 449; T.C.M. (RIA) 52132; May 8, 1952
Arthur S. Minster, Esq., for the petitioners. Charles J. Hickey, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves an income tax deficiency of $10,986.02 for 1944. Petitioners claim an overpayment of $2,560.70, the total amount of tax shown on their return. The question in issue is whether a loss on the conveyance of a number of parcels of real estate to a mortgagee bank in satisfaction of petitioners' indebtedness occurred in 1941, as respondent has determined, or in 1942, as petitioners contend, and whether such loss was a net operating loss which may be carried forward to 1944 under section 122, Internal Revenue Code *231 . The facts have been stipulated in part. Findings of Fact The written stipulation of facts is incorporated herein by this reference. Petitioners are husband and wife and are residents of Philadelphia, Pennsylvania. They filed a joint return for 1944 with the collector for the first district of Pennsylvania. On December 31, 1941, J. Presper Eckert, hereinafter referred to as petitioner, was indebted to the Land Title Bank and Trust Company of Philadelphia on his promissory notes, some of which were secured and some unsecured, in the aggregate amount of $265,375.93. As security on the notes the bank held first mortgages on seven parcels of Philadelphia real estate, the titles to which were held by the petitioner or his wife or by them jointly. On December 31, 1941, petitioner and his wife deeded the seven parcels of real estate, together with an eighth unpledged parcel owned by the petitioner individually, to the bank in complete satisfaction of the $265,375.93 indebtedness. The deed was recorded in the Register's office, City of Philadelphia, on December 31, 1941. To reflect this transaction the bank records show on December 31, 1941, the addition of the eight parcels of *232 real estate to its "Real Estate" asset account, a corresponding reduction of its "Mortgage Loans, Secured Loans and Unsecured Loans" account, and an increase in its "Bad Debts" account of $109,074.93. On December 31, 1941, and as a part of the above-described transaction, petitioner delivered the following letter to the bank: "Regarding the conveyancing of real estate to the Land Title Bank & Trust Company under deed dated December 31, 1941, it is my understanding that upon presentation of this deed to you, Mrs. Ethel M. H. Eckert and myself are to receive a full release from the Land Title Bank & Trust Company. "Second, the premises located at 5425-31 Wayne Avenue, Philadelphia, Penna., is to be released from the bond and mortgage given by me to the Land Title Bank & Trust Company without any further payment on my part. "Also, all notes given by me to the Land Title Bank & Trust Company are to be marked cancelled and returned to me without any further payment on my part. "All rents on these properties except the property located at Northwest Corner Coulter & ArcherStreets, Philadelphia, Penna., are paid to December 31, 1941 and any rents collected after this date are to *233 be collected by J. Presper Eckert as agent for the Land Title Bank & Trust Company. On the individual garages located at Northwest Corner Coulter & ArcherStreets, Philadelphia, Penna., there are a few slightly in arrears and the rents due prior to December 31, 1941 are to be retained by J. Presper Eckert if collected. "The garage building located at 5524-30 Haverford Avenue, Philadelphia, Penna., pending the securing of a tenant or a sale, is to be operated by employees of J. Presper Eckert in the same manner as it is now being operated and all supplies on hand in the building are to be paid for by J. Presper Eckert and he is to receive the money as collected by the garage for these supplies. "The one month interest due December 20, 1941 on the property located at Northwest Corner 41st Street & Woodland Avenue, Philadelphia, Penna., amounting to $203.44 payable to the Penn Mutual Life Insurance Company is to be paid by J. Presper Eckert. "Regarding the building located at the Southwest Corner Glenwood & Columbia Avenues, Philadelphia, Penna., the Land Title Bank & Trust Company agrees that J. Presper Eckert may repurchase the same back within sixty days time for Eighty-one *234 Thousand, Five Hundred ($81,500.00) Dollars in cash. This letter cancels the prior agreement as to Mrs. Ethel M. H. Eckert's interest of Thirteen Thousand, Five Hundred ($13,500.00) Dollars in the above property." During January 1942 the bank returned petitioner's cancelled notes and gave him a formal release on his indebtedness. Petitioner has held a real estate broker's license in the City of Philadelphia since April 1, 1930. Over the period 1929 to 1941, inclusive, he has conducted a number of real estate transactions in the vicinity of Philadelphia. He received substantial amounts of income from rentals and commissions. In his 1944 return petitioner claimed a net operating loss carry-over from 1942 of $15,525.04 which respondent disallowed. In his petition in this proceeding petitioner claims a net operating loss carry-over from 1942 of $54,720.21. He computes his 1942 loss on the above-described sale of real estate to the bank at $73,726.92, the difference between the cancelled indebtedness of $265,375.93 and the cost basis of the properties transferred to the bank $339,102.85. Opinion LEMIRE, Judge: Petitioner contends that the loss resulting from the conveyance of *235 the eight parcels of real estate to the Land Title Bank and Trust Company on December 31, 1941, was a loss of the year 1942 sustained in the conduct of his real estate business regularly carried on and may, therefore, be carried forward under section 122(b) (2) to 1944, the second succeeding taxable year. Respondent's position is that the loss was incurred in 1941 rather than in 1942, so that it may not be carried beyond 1943, and, further, that in any event it was not a loss incurred in a business regularly carried on by the petitioner. The amount of petitioner's actual loss on the transaction is not in dispute. Respondent must be sustained, we think, on his determination that the loss in question was a loss of 1941. The cases uniformly hold that a sale of real estate takes place when a deed passes or when in accordance with the intention of the parties to make a conveyance the purchaser acquires possession of the property along with the burden and benefits of ownership. See Commissioner v. North Jersey T. Ins. Co., 79 Fed. (2d) 492; Roy v. Commissioner, 69 Fed. (2d) 786; and J. T. Wurtsbaugh, 8 T.C. 183. Compare Lucas v. North Texas Lumber Co., 281 U.S. 11, *236 where there was an executory contract of sale but purchaser did not acquire either title or possession until the following year. Here, the deed to the properties passed and was duly registered on December 31, 1941. It was on that date also that the bank acquired the burden and benefits of ownership. Petitioner's argument that the transaction was not closed until some time in January 1942, when he received a formal release on his indebtedness to the bank and his cancelled notes, is without merit. The transaction was closed for all practical purposes, including tax, when petitioner and the bank agreed on all of the terms of the conveyance and petitioner delivered the deed to the bank. Petitioner was fully protected against any action by the bank on his cancelled obligations after December 31, 1941. Since petitioner's loss occurred in 1941 it may not be carried over to 1944, and there is no necessity for ruling on the question as to whether petitioner was regularly carrying on a real estate business. Decision will be entered for the respondent.