**MORCO CORPORATION, successor to Oceanic Investing Corporation, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 130, Docket 27129.**

United States Court of Appeals Second Circuit.

Argued Jan. 5, 1962.

Decided Jan. 11, 1962.

---

Hewitt A. Conway, New York City (Kelley Drye Newhall & Maginnes, New York City, John J. Costello, New York City, of counsel), for petitioner.

Richard J. Heiman, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The petitioner appeals from a ruling by the Tax Court, that Oceanic Investing Corporation, taxpayer's predecessor, as a result of a contract for the sale of its property subject to a 99 year lease, did not sustain a deductible loss under Section 23(f) of the Internal Revenue Code of 1939 for its taxable fiscal year ending April 30, 1953 or April 30, 1954. As a result of such ruling it is required to pay a deficiency in income tax for the fiscal year ended April 30, 1952 and it is deprived of a net operating loss carry-back to 1952 under Section 122(b) of the 1939 Code, which would entitle it to a refund in the amount of $119,181.82 for the taxable year ended April 30, 1952.

The execution of the contract of sale did not constitute a sufficiently consummated sale or disposition of the property to create a loss for tax purposes. The test to be applied in determining whether a transaction is completed is a practical one. Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 74 L.Ed. 538 (1930). The transaction must be viewed in its entirety. Commissioner of Internal Revenue v. Segall, 114 F.2d 706, 709 (6th Cir.1940), cert. denied 313 U.S. 562, 61 S.Ct. 838, 85 L.Ed. 1522 (1941). Factors to be considered are passage of title, transfer of possession or substantial performance of conditions precedent. Commissioner of Internal Revenue v. Segall, supra; Lucas v. North Texas Lumber Co., 281 U.S. 11, 50 S.Ct. 184, 74 L.Ed. 668 (1930); Commissioner of Internal Revenue v. Union Pacific R. Co., 86 F.2d 637 (2nd Cir.1936); Commissioner of Internal Revenue v. North Jersey Title Ins. Co., 79 F.2d 492 (3rd Cir.1935); Brunton v. Commissioner, 42 F.2d 81 (9th Cir.1930). See 46 Yale Law Journal, 272, 279 (1936).

Oceanic entered into this executory contract on October 24, 1952 subject to

the long term lease referred to above. The stated purchase price was $2,950,000., payable $50,000. down; $50,000. on July 15, 1953; $100,000. on November 1, 1953, or sooner, and the balance on December 1, 1954 or sooner. Title was not to be conveyed until the entire purchase price was paid. The contract was amended on January 18, 1954 to increase the purchase price to $2,958,360.10 and to defer payment which had been due on November 1, 1953, or sooner [1] to December 1, 1954. Payment of $50,000. which was due on July 15, 1953 was also deferred to that date. The contract was further amended on November 24, 1954 to defer payment of $2,858,361.10 from December 1, 1954 to April 1, 1955. The amounts paid by the purchaser on the purchase price were $50,000. on October 24, 1952, $50,000. on November 30, 1954 and $2,855,950.69 on April 29, 1955, which was the date title passed. Prior to that time the purchaser had not taken title and had not assumed any of the incidents of total ownership. All this remained in Oceanic until that date and it derived the benefits of the long term lease during that time. Oceanic used a cash receipts method of reporting its income and did not claim any loss deduction in its tax returns for the fiscal years 1953 and 1954. In the light of the facts here, we agree with the Tax Court that the loss was not reasonably certain or ascertainable in amount in fiscal years 1953 or 1954. Moreover it cannot be said that the purchaser was sure to perform in either of these years and the amendments to the contract necessitated by purchaser's inability to pay or inadequate liquidity of assets substantiate this. The Tax Court was not clearly wrong, Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), in holding that the transaction was not completed until title was transferred and full payment was made in fiscal year 1955. Commissioner of Internal Revenue v. Union Pacific R. Co., supra.

Affirmed.

1. This payment actually fell due on July 5, 1953.