**Larry L. and Virginia HEATON, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C–79–246.**

United States District Court, E.D. Washington.

July 22, 1983.

---

1. Government's Opposition, filed April 5, 1983, at 6.

James S. Black, Jr., Scott B. Lukins, Lukins, Annis, Shine, McKay, Van Marter, & Rein, P.S., Spokane, Wash., for plaintiffs.

Stanley S. Harris, U.S. Atty., Scott A. Milburn, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER AND JUDGMENT

BILBY, District Judge, sitting by designation.

This action was brought by plaintiffs seeking a refund of taxes, penalties and interest which they claim was erroneously assessed against them by the United States. Jurisdiction is based on 28 U.S.C. § 1346(a)(1).

Prior to October 1, 1974, the plaintiffs operated their farm as a sole proprietorship. On October 1, 1974, plaintiffs formed Heaton Farms, Inc., a corporation, in order to obtain the advantages of limited liability, corporate fringe benefits, and estate planning flexibility. Heaton Farms, Inc. continues to operate as a corporate business.

To capitalize the corporation, plaintiffs transferred specific assets to Heaton Farms, Inc., including 7,000 bushels of grain which were part of the farm's 1974 crop. The remaining 56,411 bushels of grain of the same crop were sold by plaintiffs individually to brokers.

Heaton Farms, Inc. adopted a fiscal year ending on October 31, which resulted in the 1974 year lasting from October, 1974 to October 31, 1974. Heaton Farms, Inc. sold the 7,000 bushels of grain on October 31, 1974. Heaton Farms, Inc.'s taxable income for the 1974 fiscal year was $26,025.67; $25,000 was taxed at the 22% rate due to the corporate surtax exemption, and the remaining $1,025.67 was taxed at the rate of 48%. The individual plaintiffs' marginal tax rate was approximately 60%. The Commissioner of the Internal Revenue Service reallocated the cost of the 7,000 bushels of grain and the income from the sale of that grain from Heaton Farms, Inc. to the plaintiffs.

The issue before the court is whether the reallocation of income was proper. The Commissioner has the power to reallocate income and deductions among taxpayers in order to prevent evasion of taxes, or to clearly reflect the income of the parties. 26 U.S.C. § 482.

The United States claims that the only motive for transferring the grain to Heaton Farms, Inc. was to avoid $11,000 in additional taxes that would have been due if plaintiffs themselves had sold the grain. The United States characterizes the transfer as an anticipatory assignment of income from the grain, which is properly taxed to the plaintiffs. *See Helvering v. Horst*, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 (1940); *Lucas v. North Texas Lumber Co.*, 281 U.S. 11, 50 S.Ct. 184, 74 L.Ed. 668 (1930); *Peeler Realty Co. v. Commissioner*, 60 T.C. 705 (1973).

The plaintiffs formed Heaton Farms, Inc. pursuant to 26 U.S.C. § 351.

A Section 351 incorporation normally results in no gain or loss to the parties to the incorporation. However, courts have approved the application of 26 U.S.C. § 482 to corporations formed under Section 351. *E.g., Rooney v. United States,* 305 F.2d 681 (9th Cir.1962); *Central Cuba Sugar Company v. C.I.R.,* 198 F.2d 214 (2nd Cir. 1952); *Foster v. Commissioner,* 80 T.C. No. 3 (1983). The Commissioner enjoys broad discretion under Section 482; determinations are upheld unless they are an abuse of discretion—unreasonable, arbitrary or capricious. *Erickson v. Commissioner,* 598 F.2d 525, 528 (9th Cir.1979); *Foster v. Commissioner,* 80 T.C. No. 3 (1983).

*Rooney v. United States,* 305 F.2d 681 (9th Cir.1962) is similar to the present case in that it involves a Section 351 incorporation of a farm. In *Rooney* the taxpayer incorporated after planting its crop, but before harvesting it. The new corporation reported the profits from the sale of all the crops, but the individual taxpayers deducted all the expenses. This resulted in a substantial net operating loss. The taxpayers attempted to "carry back" the net operating loss to prior years. The Commissioner reallocated the income pursuant to Section 482, and the Ninth Circuit upheld reallocation.

 The current case contrasts with *Rooney v. United States* because it does not involve a net operating loss which masks a business profit. *See also Central Cuba Sugar Company v. C.I.R.,* 198 F.2d 214 (2nd Cir.1952). Heaton Farms, Inc. was formed for legitimate business reasons, and it continues to operate as a business. The formation of a corporation to obtain the benefits associated with incorporation such as pension plans, estate planning, and limited tort liability does not make Section 482 reallocation proper, even when the incorporation results in considerable tax savings. *See e.g. Bernard L. Pacella,* 78 T.C. 604 (1982); *Daniel F. Keller,* 77 T.C. 1014 (1981); *Silvano Achiro,* 77 T.C. 881 (1981).

 The court finds that since the incorporation of plaintiffs' farm did not involve a net operating loss, and the plaintiffs had a legitimate business purpose for incorporating, the Commissioner abused its discretion in applying Section 482 to reallocate income and expenses.

IT IS ORDERED that judgment is entered in favor of the plaintiffs. The United States shall refund all taxes, penalties and interest paid by plaintiffs due to the Commissioner's reallocation of income to the plaintiffs.