**DANA DISTRIBUTORS INC.,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 1101, Docket 89–4018.

United States Court of Appeals,
Second Circuit.

Argued May 9, 1989.

Decided May 10, 1989.

Charles A. Judelson, Middletown, N.Y. (John M. Clancy, Bull, Morreale, Judelson & Clancy, Middletown, N.Y., on the brief), for petitioner-appellant.

William A. Whitledge, Atty., Tax Div., Dept. of Justice, Washington, D.C. (James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellee.

Before KEARSE, CARDAMONE, and PIERCE, Circuit Judges.

PER CURIAM:

Petitioner Dana Distributors Inc. ("Dana") appeals from a decision of the United States Tax Court, B. John Williams, Jr., *Judge,* upholding the rejection by respondent Commissioner of Internal Revenue ("Commissioner") of the use by Dana, a wholesale beverage distributor, of the reserve method of accounting for container deposits and handling fees. The tax court

ruled that Dana was required to include in its gross income the amounts collected as deposits and handling fees in the year in which they were received and was not entitled to deduct any amount for refunds paid prior to the year in which refunds were paid. On appeal, Dana contends that its liability to pay such refunds was sufficiently fixed by state law to allow it to establish a reserve for such refunds upon their receipt and to deduct the reserve amounts immediately. We affirm substantially for the reasons stated in the tax court's opinion.

The facts were stipulated. Dana, a taxpayer using the accrual method of accounting, was a wholesale distributor of beverages in New York State. In 1983, New York enacted the Returnable Container Act (the "Act"), N.Y. Envtl.Conserv.Law § 27–1001 *et seq.* (McKinney 1984), which required, *inter alia,* that every beverage container sold or offered for sale in New York have a refund value of not less than five cents. *Id.* § 27–1005. The Act required each beverage distributor to (1) accept from a dealer or operator of a redemption center any empty beverage containers of the design, shape, size, color, composition, and brand sold by the distributor, and (2) for each such container, to pay the dealer or operator the refund value, plus 1.5 cents as a handling fee. *Id.* § 27–1007.

Beginning in September 1983, Dana collected deposit and handling charges on beverages it sold to retail stores, bars, and restaurants in nonrefillable containers in accordance with the Act. It excluded these amounts from its gross receipts and increased the reserve accounts on its books by the amount of the deposits and fees, in anticipation of having to make refunds. In 1986, the Commissioner disallowed this reserve method of accounting for deposits and accordingly increased Dana's taxable income for 1983. Dana petitioned the tax court for review, contending that the deposit and handling fees were either excludable from income or immediately deductible as an accrued expense.

In an opinion published at 56 T.C.M. (CCH) 569 (1988), the tax court rejected both contentions. As to the contention that the sums received by Dana were not includable in its gross income, the court stated as follows:

First, [Dana's] sales invoices contained no title retention clause. Second, petitioner did not place its name on the containers or exhibit any other effort to control disposition of the containers. Third, petitioner had no enforceable right to compel the retail stores, bars, restaurants, or individual consumers to return the containers. While there is an economic incentive to return the containers, under New York law the buyers are free to keep the containers, dispose of them or return them to other distributors besides petitioner. . . .

. . . .

Petitioner had unrestricted use of the deposits and handling charges when it received these funds on the sale of the beverages. Petitioner deposited the collected funds into its general business bank account.

56 T.C.M. (CCH) at ——. The court concluded that the amounts Dana received as deposits and handling charges were therefore includable in its gross income when received. *See Okonite Co. v. Commissioner,* 4 T.C. 618, 628 (1945) (deposits on containers includable in income if containers sold along with their contents), *aff'd,* 155 F.2d 248 (3d Cir.), *cert. denied,* 329 U.S. 764, 67 S.Ct. 125, 91 L.Ed. 658 (1946).

As to the deductibility of the deposits and handling fees by Dana upon receipt, the court applied the "all events" test, which is the standard for determining the year in which an expense is incurred for federal income tax purposes. *See* Treas. Reg. § 1.461–1(a)(2); *United States v. Anderson,* 269 U.S. 422, 441, 46 S.Ct. 131, 134, 70 L.Ed. 347 (1926). This standard precludes a deduction in a given year unless within that year (1) all events have occurred that determine the fact of liability, and (2) the amount of the liability is capable of determination with reasonable accuracy. *See United States v. Hughes Properties, Inc.,* 476 U.S. 593, 600, 106 S.Ct. 2092, 2096, 90 L.Ed.2d 569 (1986)

*("Hughes")*. The purpose of the first prong of the test is to prevent taxpayers from deducting expenditures that may never occur. *See World Airways, Inc. v. Commissioner*, 62 T.C. 786, 802 (1974), *aff'd*, 564 F.2d 886 (9th Cir.1977). Under *Hughes* and *United States v. General Dynamics Corp.*, 481 U.S. 239, 107 S.Ct. 1732, 95 L.Ed.2d 226 (1987), the tax court noted, "liability is fixed at the time the last condition precedent to establishing liability is fulfilled. At that time, and not before all events have occurred to establish liability...." 56 T.C.M. (CCH) at ——.

The court found that Dana did not meet this first prong, stating as follows:

> In the present case, the last event necessary to fix petitioner's liability to refund deposits and handling charges is the return of the containers.... Petitioner argues that the fact of its liability to refund the deposits on returned containers is fixed as funds are received in accordance with state law at the time it sells and distributes the beverages. The New York law, however, does not require dealers and consumers to return the containers petitioner sells. It only requires that petitioner refund deposits and handling charges on containers returned if they are presented for refund. The dealers and consumers are free to keep the bottles or dispose of them in any way. Petitioner is not required to refund deposits and handling charges on smashed bottles.... Moreover, the Act requires a distributor to accept from dealers and refund containers of the design, shape, size, color, composition and brand sold by the distributor.... While the state law also requires that a distributor who initiates a deposit on the container reimburse any other distributor who redeems that container, ... the facts in this case do not indicate how a distributor determines who initiated the deposit.
>
> ....
>
> ... [T]he dealers, consumers or other redeeming distributors do not have any obligation to return the containers to petitioner. Their return is a condition precedent to petitioner's liability. Until the containers are presented to petitioner for refund, its liability under state law is not fixed....

56 T.C.M. (CCH) at ——. The tax court concluded that since Dana did not satisfy the first prong of the "all events" test, it was unnecessary to address whether it met the second prong.

On the present appeal, Dana renews the contention that it should be permitted to deduct immediately the amounts it expects to pay in refunds and handling fees. We have considered all of its arguments, and we affirm substantially for the reasons stated in the tax court's opinion. To meet the first prong of the "all events" test, the taxpayer must show that the liability is "'final and definite,'" "'fixed and absolute,'" and "'unconditional.'" *Hughes*, 476 U.S. at 600, 106 S.Ct. at 2096 (quoting *Security Flour Mills Co. v. Commissioner*, 321 U.S. 281, 287, 64 S.Ct. 596, 599, 88 L.Ed. 725 (1944); *Brown v. Helvering*, 291 U.S. 193, 201, 54 S.Ct. 356, 360, 78 L.Ed. 725 (1934); and *Lucas v. North Texas Lumber Co.*, 281 U.S. 11, 13, 50 S.Ct. 184, 184, 74 L.Ed. 668 (1930), respectively). The taxpayer may not deduct "an estimate of an anticipated expense, no matter how statistically certain, if it is based on events that have not occurred by the close of the taxable year." *United States v. General Dynamics Corp.*, 481 U.S. at 243–44, 107 S.Ct. at 1735. Dana cannot meet this test. The final event that would establish its liability for a refund is the return of the container by a retailer or consumer. Before that time, Dana's liability is not final, definite, or unconditional. A deposit on a container that is never returned will be retained by Dana, and thus no expense for such a deposit would ever be incurred.

The decision of the tax court is affirmed.