WARREN BALDERSTON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4595.   Promulgated February 12, 1945.

*John C. Ristine, Esq.*, for the petitioner.
*Francis X. Gallagher, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: Petitioner relies, for its authority to make the inventory adjustments and to increase the basis of its depreciable assets to the fair market value from a lower basis used by it prior to the reorganization, on section 270 of the Bankruptcy Act of 1938, as amended, which reads as follows:

SEC. 270 [as amended by Public No. 699, 76th Cong., 3d sess., approved July 1, 1940]. In determining the basis of property for any purposes of any law of the United States or of a State imposing a tax upon income, the basis of the debtor's property (other than money) or of such property (other than money) as is transferred to any person required to use the debtor's basis in whole or in part shall be decreased by an amount equal to the amount by which the indebtedness of the debtor, not including accrued interest unpaid and not resulting in a tax benefit on any income tax return, has been canceled or reduced in a proceeding under this chapter, but the basis of any particular property shall not be decreased to an amount less than the fair market value of such property as of the date of entry of the order confirming the plan. Any determination of value in a proceeding under this chapter shall not be deemed a determination of fair market value for the purposes of this section. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe such regulations as he may deem necessary in order to reflect such decrease in basis for Federal income-tax purposes and otherwise carry into effect the purposes of this section.

The respondent argues that section 270 does not authorize an increase in basis or inventory, but is merely a limitation upon any decrease resulting from a reduction or cancellation of indebtedness.

A brief glance at that section in connection with section 268, without which it can not be properly interpreted, and in the light of its legislative history, serves to emphasize the correctness of the respondent's position.

By section 268, Congress intended to and did provide that the cancellation or reduction of indebtedness of debtor corporations should not be deemed to result in the receipt by the reorganized corporation of taxable income. The passage of the Act was clearly traceable to the decision of the Supreme Court in *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, holding that the cancellation or reduction of indebtedness does, under some circumstances, result in taxable income to the debtor. It evidenced the desire of Congress to relieve insolvent corporations resorting to bankruptcy reorganization from the crippling effect of that rule. It was then felt that it would be unfair to allow such corporations to recover, by way of deduction for depreciation or otherwise, a capital outlay which they

had thus been relieved of paying, and section 270, as it was first adopted, provided for the reduction of the basis of the debtor's property by the amount by which the indebtedness was reduced or canceled. The practical application of section 270, as it then stood, was found to result, in many cases, in the reduction of bases to zero or to figures so low as to lead to hardships in later tax years of such severity as almost to nullify the immediate remedial effect of the statute. To correct this situation, section 270 was amended, and made retroactive to the effective date of the Chandler Act, to provide that the basis which was reduced by the amount of the canceled indebtedness should not be decreased to an amount less than the fair market value of such property as of the date of the entry of the order confirming the plan of reorganization.

The purpose of this amendment was described by the report of the Committee to the House of Representatives (Report No. 2372, 76th Cong., 3d sess., C. B. 1940–2, p. 598), as providing "a fair market value 'floor' below which the basis shall not be reduced."

The Supreme Court, in *Claridge Apartments Co.* v. *Commissioner*, 323 U. S. 141, described it also as placing "a floor to the amount of reduction required."

The whole context of the act clearly indicates the limited purpose and scope of section 270: That of providing for a reduction of basis, where indebtedness has been reduced or canceled, but limiting the reduction so required, where made, to an amount not less than the fair market value of the property. The statute provides "the basis * * * shall not be *decreased* to an amount less than the fair market value * * *" (emphasis supplied). If the basis of the property is already less than the fair market value, the statute, in effect, provides that it can not be decreased at all, since any decrease would be to an amount less than the fair market value. This is far different, however, from a provision that, in any event, the basis shall be fair market value. There is nothing in the language of the statute requiring an *increase* of basis or inventory account because of a reduction or cancellation of indebtedness, and we are confident that Congress did not intend such an increase to result from the statute before us.

We conclude that there was no error in respondent's determination. It is not necessary to consider the questions of valuation, or the questions of evidence relating thereto.

*Decision will be entered for the respondent.*