PACIFIC TELEPHONE & TELEGRAPH CO. *v.* SEATTLE ET AL.

No. 364. Argued January 15, 1934.—Decided February 5, 1934.

*Mr. Otto B. Rupp,* with whom *Mr. Alfred Sutro* was on the brief, for appellant.

*Mr. Walter L. Baumgartner,* with whom *Mr. A. C. Van Soelen* was on the brief, for appellees.

Mr. Justice Stone delivered the opinion of the Court.

This is an appeal under § 237 of the Judicial Code from a judgment of the Supreme Court of the State of Washington, 172 Wash. 649; 21 P. (2d) 721, sustaining a state license or excise tax assailed by appellant upon numerous state and federal grounds. The only one urged here is that the statutory measure of the tax as applied to appellant is so vague and indefinite as to infringe the due process clause of the Fourteenth Amendment.

An ordinance of the Seattle city council, of May 23, 1932, imposes annual license taxes on the privilege of carrying on various classes of business. One such is the telephone business upon which the tax is 4% of the " gross income " of the business " in the city " during the preceding fiscal year. The definition of gross income by § 2 is printed in the margin.[1] By § 10, the taxpayer is required annually to make application to the city comptroller for an " occupation license " for the ensuing year " upon blanks or forms to be prepared by him requiring such information as may be necessary to enable him to arrive at the lawful amount of the fee or tax." By § 20 the comptroller is required to make rules and regulations having the force of law for carrying the ordinance into effect. Payment of the full tax or a monthly or quarterly installment of it is required on filing the return.

---

[1] Section 2. Definitions: . . .

" Gross Income: The value proceeding or accruing from the sale of tangible property or service, and receipts (including all sums earned or charged, whether received or not) by reason of the investment of capital in the business engaged in, including rentals, royalties, fees or other emoluments, however designated (excluding receipts or proceeds from the use or sale of real property or any interest therein, and proceeds from the sale of notes, bonds, mortgages, or other evidences of indebtedness or stocks and the like) and without any deduction on account of the cost of the property sold, the cost of materials used, labor, costs, interest or discount paid, or any expense whatsoever, and without any deduction on account of losses."

The cause was heard and decided on demurrer to appellant's bill of complaint asking an injunction to restrain the collection of the tax. The bill was filed shortly after the enactment of the ordinance. It alleges that the appellant, a California corporation, derives its receipts and earnings from the conduct of a telephone business, both interstate and intrastate, carried on within and without the City of Seattle, by the use of its telephone exchanges, wires, poles, conduits and other property located in Seattle and also outside of Seattle, both within and without the state. It charges that the ordinance is vague and indefinite, in that it fixes no method of computation whereby appellant, with reasonable certainty, can segregate its interstate business or so much of its intrastate business as is conducted within the City of Seattle, and that the definition of gross income set out in § 2 is so vague and uncertain as to make it impossible for appellant to compute with reasonable certainty the amount of the tax.

The bill of complaint does not show whether appellant had applied for its occupation license or had received from the comptroller the prescribed form of return specifying the information which would be required by him for the computation of the tax or whether the comptroller had prepared such a form at the time when the bill was filed. It fails to show whether the comptroller had promulgated rules or regulations for carrying the ordinance into effect or whether appellant had requested of him any ruling, interpreting the ordinance, which would aid in preparing the return required for the computation of the tax. On the argument before us appellant admitted that the present suit was brought without waiting for the preparation of forms and regulations and that it had made no effort to secure an administrative interpretation of the ordinance.

The state court, in disposing of the attack upon the uncertainty of the statute, contented itself with saying that " gross income " is a proper basis for determining the amount of a tax; that the objections raised by the appellant are " more fanciful than real ";· and that " in practical application under present day systems of accounting .appellant will have no serious difficulty in ascertaining the amount of the tax it is required to pay."

Despite this conclusion of the state court that the taxing act can be given a practical construction· we are asked to say that the statute is unconstitutional because of its vagueness. It may be conceded that the definition by the ordinance of taxable " gross income " is not free from ambiguities or difficulties of construction. But in the present posture of the case we are called upon neither to resolve them nor to say whether they can be resolved:

The ordinance allows wide latitude for administrative construction, both by the provision which requires the comptroller to make interpretative rules and regulations, and that which commands him to. prepare the form for the return on the basis of which the tax is to be computed. Until the form is prepared the most that can be required of taxpayers is that they apply for the license and· for the form on which to make their tax returns. Without the return there can be no tax and no penalty can be imposed for its nonpayment. Thus the ordinance. does not purport finally to define the duty of taxpayers. Instead it directs that an administrative officer shall mark the scope of the obligation, and only then does the state compel obedience to its mandate.

In this we see no invasion of constitutional immunity. Compare *In re Kollock,* 165 U.S. 526; *St. Louis, I. M. .& S. Ry.* v. *Taylor,* 210 U.S. 281; *Interstate Commerce Comm'n* v. *Goodrich Transit· Co.,* 224 U.S. 194. The Fourteenth Amendment does not require that legal duties

shall be defined by any particular agency of the state government. *Dreyer v. Illinois,* 187 U.S. 71, 83; *Soliah v. Heskin,* 222 U.S. 522, 524; *Keller v. Potomac Electric Power Co.,* 261 U.S. 428, 443; *O'Donoghue v. United States,* 289 U.S. 516, 545; cf. *Pacific States Telephone & Telegraph Co. v. Oregon,* 223 U.S. 118. The demands of due process are satisfied if reasonably clear definition is afforded in time to give the taxpayer an opportunity to comply. *Connally v. General Construction Co.,* 269 U.S. 385, 391. Before the duties of the administrative officer are performed we cannot say that the ordinance falls short of that requirement. At this stage appellant can show no more than apprehension that the definition which the administrative officer will lay down may be deficient. The Constitution can not allay that fear. Compare *Edelman v. Boeing Air Transport,* 289 U.S. 249, 253.

The decision of the state court must be affirmed, not because the appellant has failed to exhaust its administrative remedies, which would concern us only if the suit had been brought in a federal court of equity, but because without administrative action, which has not occurred, there can be no infringement of the immunity invoked.

*Affirmed.*