## UNITED STATES v. WILLARD.
### No. 4057.

District Court, W. D. Michigan, S. D.

Sept. 27, 1934.

Joseph M. Donnelly, U. S. Atty., of Grand Rapids, Mich., for the United States.

Stuart E. Knappen and Louis H. Grettenberger, both of Grand Rapids, Mich., for respondent.

RAYMOND, District Judge.

Motions to quash each of the three counts of the indictment have been made and argued. Count 1 charges, in substance, that respondent on January 13, 1934, at Grand Rapids, Mich., unlawfully, willfully, knowingly, and feloniously, as cashier, and on behalf of the Union Bank, made a charge of $150 in connection with a loan by the Home Owners' Loan Corporation, which charge was not an ordinary charge authorized and required by the corporation. Count 3 charges, in substance, that respondent on December 11, 1933, as cashier of the Union Bank of Michigan, unlawfully, willfully, knowingly, and feloniously made a charge of $150 in connection with a loan theretofore granted, which charge was not an ordinary charge authorized and required by the corporation.

Both of the foregoing counts are based on section 1467 (e) of title 12, USCA, which, until the amendment of April 27, 1934, read: "No person, partnership, association, or corporation shall make any charge in connection with a loan by the Corporation or an exchange of bonds or cash advance under this chapter except ordinary charges authorized and required by the Corporation for services actually rendered for examination and perfecting of title, appraisal, and like necessary services."

Among other grounds of attack upon these counts it is urged that the averments are too vague, general, and indefinite, and that the indictment and the Home Owners' Loan Act violate the provisions of the Fifth and Sixth Amendments to the Constitution of the United States. No standard of guilt is set up by the statute here under consideration. The limitations imposed can be known to the public only after the promulgation of regulations by the corporation which regulate and define charges "authorized and required."

It is to be noted that counts 1 and 3 of the indictment are based upon offenses

alleged to have been committed on January 13, 1934, and on December 11, 1933, respectively. The United States Attorney, in connection with his brief, has submitted to the court the Loan Regulations of the Home Owners' Loan Corporation, and copy of resolution adopted January 23, 1934, covering the subject of ordinary charges authorized by and required by the corporation. It is conceded that no regulations were in existence prior to January 23, 1934. Courts recognize that the demands of due process are satisfied if reasonably clear definition is afforded in time to give opportunity to comply. See Pacific Telephone & Telegraph Co. v. Seattle, 291 U. S. 300, 54 S. Ct. 383, 78 L. Ed. 810; Connally v. General Construction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322. Regardless of the proper construction of the statute after the promulgation of regulations, it seems clear that until "ordinary charges" are regulated and defined by the corporation the statute is lacking in that certainty which is required to uphold criminal statutes and indictments thereunder against attack for vagueness and indefiniteness. In the case of Connally v. General Construction Co., 269 U. S. 385, 391, 393, 46 S. Ct. 126, 128, 70 L. Ed. 322, approval was given of the following rule: "The dividing line between what is lawful and unlawful cannot be left to conjecture. The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another."

It was further said in that case:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. International Harvester Co. v. Kentucky, 234 U. S. 216, 221, 34 S. Ct. 853, 58 L. Ed. 1284; Collins v. Kentucky, 234 U. S. 634, 638, 34 S. Ct. 924, 58 L. Ed. 1510.

"The question whether given legislative enactments have been thus wanting in certainty has frequently been before this court. In some of the cases the statutes involved were upheld; in others, declared invalid. The precise point of differentiation in some instances is not easy of statement; but it will be enough for present purposes to say generally that the decisions of the court, upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them. Hygrade Provision Co. v. Sherman, 266 U. S. 497, 502, 45 S. Ct. 141, 69 L. Ed. 402; Omaechevarria v. Idaho, 246 U. S. 343, 345, 38 S. Ct. 323, 62 L. Ed. 763, or a well-settled common-law meaning, notwithstanding an element of degree in the definition as to which estimates might differ. Nash v. United States, 229 U. S. 373, 376, 33 S. Ct. 780, 57 L. Ed. 1232; International Harvester Co. v. Kentucky, supra, at page 223 [of 234 U. S.], 34 S. Ct. 853, or, as broadly stated by Mr. Chief Justice White in United States v. Cohen Grocery Co., 255 U. S. 81, 92, 41 S. Ct. 298, 301, 65 L. Ed. 516, 14 A. L. R. 1045, 'that, for reasons found to result either from the text of the statutes involved or the subjects with which they dealt, a standard of some sort was afforded.' See, also, Waters-Pierce Oil Co. v. Texas (No. 1) 212 U. S. 86, 108, 29 S. Ct. 220, 53 L. Ed. 417. Illustrative cases on the other hand are International Harvester Co. v. Kentucky, supra, Collins v. Kentucky, supra, and United States v. Cohen Grocery Co., supra, and cases there cited. The Cohen Grocery Case involved the validity of section 4 of the Food Control Act of 1917, * * * which imposed a penalty upon any person who should make 'any unjust or unreasonable rate or charge, in handling or dealing in or with any necessaries.' It was held that these words fixed no ascertainable standard of guilt, in that they forbade no specific or definite act."

See, also, Cline v. Frink Dairy Co., 274 U. S. 445, 47 S. Ct. 681, 71 L. Ed. 1146; Christy-Dolph v. Gragg (D. C.) 59 F.(2d) 766.

It follows that the motion to quash counts 1 and 3 must be sustained.

Count 2 of the indictment charges, in substance, that respondent in executing a mortgagee's consent to take bonds of the Home Owners' Loan Corporation in full settlement of the claim of the Union Bank of Michigan, of which he was cashier, and for the purpose of influencing the action of the corporation upon a loan, falsely stated that the claim of the bank was in the sum of $3,417.90, whereas its claim was, in fact, only $3,332.78; the said respondent Willard then and there knowing the statement to be false. This count is based upon section 1467 (a) of title 12, USCA, which reads: "Whoever makes any statement, knowing it to be false, or whoever willfully overvalues any security, for the purpose of influencing in any way the action of the Home Owners' Loan Corporation or the Board or an association upon any application, advance, discount, purchase, or repurchase agreement, or loan, under this chapter, or any extension thereof by renewal deferment, or action or otherwise, or the acceptance, release, or substitution of security therefor, shall be punished by a fine of not more than $5,000, or by imprisonment for not more than two years, or both."

The motion to quash this count states several grounds. However, the brief filed in support of the motion relies upon the ground of alleged indefiniteness of the indictment as to time, place, and nature of the offense charged.

The count attacked is inartificially drawn, in that it fails to specify with certainty either the time or the place of commission of the offense. It is the view of the court, however, that this indefiniteness may be cured by compliance with proper demand for bill of particulars. See Leonard v. United States (C. C. A.) 18 F.(2d) 208, wherein vagueness in indictment as to identifying circumstances like time and place is discussed by Judge Knappen.

With the elements of time and place supplied, the indictment sufficiently informs respondent of the character of the act, the nature of the offense, and the details thereof to enable him to present his defense and, if acquitted or convicted, to plead the same in bar of further prosecution for the same act.

The motion to quash count 2 should be denied.

An order will be entered sustaining the motion to quash counts 1 and 3 of the indictment, and denying the motion to quash count 2 of the indictment.