[No. 26490. *En Banc.* December 3, 1937.]

SEATTLE GAS COMPANY, *Respondent and Cross-appellant,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 73 P. (2d) 1312; 77 P. (2d) 382.

*A. C. Van Soelen, J. Ambler Newton,* and *C. V. Hoard,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondent and cross-appellant.

*G. M. Ferris, amicus curiae.*

BLAKE, J.—By ordinance No. 62662, the city of Seattle imposed a "license or occupation tax upon certain businesses, occupations, pursuits and privileges." Upon the business of selling gas, the fee exacted is three per cent of the taxpayer's total gross income "from such business in the city during his fiscal year next preceding. . . ." In computing "gross income," the taxpayer is permitted to make certain deductions, among which is

". . . any amount paid by the taxpayer to . . . the state of Washington, or the city of Seattle, as excise taxes levied or imposed *upon the sale or distribution of property or services.*" (Italics ours.) Ordinance No. 62662, § 9.

In this action, the Seattle Gas Company, in computing its "gross income," seeks to establish the right to the following deductions: (1) The amount of the fee paid pursuant to the terms of the ordinance the preceding year; (2) the amounts paid the state of Washington pursuant to chapter 191, Laws of 1933, p. 869 (occupation tax act); (3) the amounts paid to the state of Washington pursuant to title V, chapter 180, Laws of 1935, p. 728 (Rem. Rev. Stat. (Sup.), § 8370-36 [P. C. § 7030-96] *et seq.*) (revenue act of 1935—public utility tax).

By its decree, the trial court denied the right to deduct the payments made to the city under the ordinance and granted the right to deduct payments made to the state under the acts of 1933 and 1935. Both the city and the gas company appeal.

As we see it, the issue is to be determined by the nature of the tax exacted by the ordinance and by the statutes. For the character of the deduction allowed by the ordinance is clear—amounts paid "as excise taxes levied or imposed *upon the sale or distribution of property or services.*" In other words, if the exactions imposed by the ordinance and statutes are in fact "sales taxes" (taxes upon transfers of property), the amounts paid are deductible; otherwise not.

That the exaction levied by the ordinance is what it purports to be—"a license or occupation tax upon certain businesses, occupations, pursuits and privileges"—is not open to discussion. It has been so construed by this court and the supreme court of the United States. *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 21 P. (2d) 721; *Pacific Tel. & Tel. Co. v. Seattle,* 291 U. S. 300, 54 S. Ct. 383. The fact that an occupation tax is measured by gross income or sales does not change its character. *Clark v. Titusville,* 184 U. S. 329, 22 S. Ct. 382; *American Mfg. Co. v. St. Louis,* 250 U. S. 459, 39 S. Ct. 522.

In the latter case, the court had under consideration an ordinance conditioning the right to manufacture goods within the city upon payment of a license tax computed upon the amount of the sales of the goods. It was contended that the ordinance, in effect, imposed a tax on sales of goods in the course of interstate commerce. Holding that the ordinance did not impose a tax on sales, the court said:

"No tax has been or is to be imposed upon any sales of goods by plaintiff in error except goods manufactured by it in St. Louis under a license conditioned for the payment of a tax upon the amount of the sales when the goods should come to be sold. The tax is computed according to the amount of the sales of such manufactured goods, irrespective of whether they be sold within or without the State, in one kind of com-

merce or another; and payment of the tax is not made a condition of selling goods in interstate or in other commerce, but only of continuing the manufacture of goods in the City of St. Louis.

"There is no doubt of the power of the State, or of the city acting under its authority, to impose a license tax in the nature of an excise upon the conduct of a manufacturing business in the city. . . .

"The city might have measured such tax by a percentage upon the value of all goods manufactured, whether they ever should come to be sold or not, and have required payment as soon as, or even before, the goods left the factory."

The exactions imposed by chapter 191, Laws of 1933, p. 869, and by title V, chapter 180, Laws of 1935, p. 728, differ in no essential particular—certainly not in character—from the exaction imposed by ordinance No. 62662. Section 2 (2), chapter 191, Laws of 1933, p. 871, provides:

"From and after the first day of August, 1933, and until the thirty-first day of July, 1935, there is hereby levied and there shall be collected from every person an annual tax or excise for the privilege of engaging in business activities. Such tax or excise shall be measured by the application of rates against values, gross proceeds of sales, or gross income, as the case may be, as follows: . . .

"(e) Upon every person engaging or continuing within this state in the following businesses; as to such persons the amount of tax or excise shall be equal to the gross income of the business multiplied by the rate set out after the business, as follows: . . .

"VIII. Manufactured gas companies: two per cent; . . ."

Although not distinguishing the exaction from a sales tax, this court, in *State ex rel. Stiner v. Yelle*, 174 Wash. 402, 25 P. (2d) 91, said:

"The privilege of engaging in business and gainful pursuits under the protection of our laws is something which must and does exist before the business can be

established, and something far and away beyond and above the mere ownership of a business . . .

"This is the privilege . . . which it is now sought to tax . . .

"This act . . . concern(s) itself . . . only with the privilege of acquiring, and that the amount of the tax is measured by the amount of the income in no way affects the purpose of the act or the principle involved."

Obviously, under its terms, the act (§ 2 (2) (e), chapter 191, Laws 1933, p. 873) does not purport to levy a tax on sales or services. And, under the rule of *American Mfg. Co. v. St. Louis, supra,* it does not in legal effect constitute such a tax.

What has been said of the 1933 act may be said with even greater force with respect to title V, chapter 180, Laws of 1935. For it is a part of the revenue act in which, under title III, provision is made for levying taxes on retail sales, the act itself thus differentiating sales and occupation taxes. Section 36, title V, chapter 180, Laws of 1935, p. 728 (Rem. Rev. Stat. (Sup.), § 8370-36 [P. C. § 7030-96]), is, in substance, identical with the above quoted portion of § 2 (2) (e), chapter 191, Laws of 1933, p. 873. The only material difference is that in the 1935 act it is provided that the

" . . . tax shall be equal to the gross *operating revenue* of the business, multiplied by the rate set out after the business, as follows: . . .

"II. Gas distribution business: two per cent; . . . " (Italics ours.)

But, as we have seen, the method of measuring the tax does not change its character. *American Mfg. Co. v. St. Louis, supra; State ex rel. Stiner v. Yelle, supra.*

Since the exactions levied under ordinance No. 62662 and under the statutes (§ 2 (2) (e), chapter 191, Laws 1933, p. 873; § 36, title V, chapter 180, Laws 1935, p. 728) are not "taxes imposed or levied upon the

sale or distribution of property or services," the amounts paid pursuant to the terms of such ordinance and the statutes are not deductible under § 9, ordinance No. 62662.

The judgment is reversed on the appeal of the city of Seattle, and affirmed on the appeal of the Seattle Gas Company.

MAIN, BEALS, ROBINSON, and SIMPSON, JJ., concur.

MILLARD, J. (dissenting)—I agree with counsel for plaintiff and cross-appellant that the city council contemplated a deduction of excise taxes of the same character as those imposed by the ordinance. There is no magic in a name. By whatever name the tax may be called, its character must be determined by its incidences. *Morrow v. Henneford,* 182 Wash. 625, 47 P. (2d) 1016.

An elaborate dissent would serve no useful purpose. The gas company is, as the trial court held, entitled to deduction of the occupational tax imposed by statutes of 1933 and 1935. It is also entitled to deduction of the three per cent tax imposed by the ordinance upon the gas company's gross income from sales for the fiscal year preceding the tax year.

The judgment should be reversed on the cross-appeal and affirmed on the appeal of the city.

STEINERT, C. J., HOLCOMB, and GERAGHTY, JJ., concur with MILLARD, J.

### ON REHEARING.

[*En Banc.* March 16, 1938.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the *En Banc* opinion heretofore filed herein.