LASSER, P. J. T. C.
This is a motion by the Director of the Division of Taxation, defendant, to dismiss the complaint of the taxpayer for failure to state a claim upon which relief can be granted. The original motion to dismiss was converted by the court to a motion for summary judgment by permitting taxpayer to complete requested discovery and submit an offer of proof containing all of the facts that he intended to present if the case were tried.
Taxpayer seeks refund of an overpayment of $163,307 assessed for the year 1975 under the Capital Gains and Other Unearned Income Tax Act (the Act), N.J.S.A. 54:8B-1 et seq. (repealed by N.J.S.A. 54A:9-24 effective July 8,1976). Enacted on August 4, 1975, the statute provided for retroactive application of the tax from January 1, 1975.
On October 8, 1974 taxpayer and others entered into an agreement with a third party, granting the third party an option to purchase stock in a corporation that was jointly owned by taxpayer and others. The agreement called for a notice of intent to exercise the option on or before December 8, 1974 and provided that closing would take place on “a business day not later than the 120th day after the date of this Agreement and not earlier than 20 days after the giving of such notice; provided, however, that the closing date shall not occur during the period from December 15,1974 to December 31,1974, inclusive.” § 3 of the Stock Purchase Option Agreement.
A modification of the option agreement dated December 10, 1974 extended the time to exercise the option until January 17, 1975. When the option was finally exercised (the date is not before the court) February 5, 1975 was fixed as the closing date and the closing took place on this date. Taxpayer’s share of the purchase price was $2,146,667, resulting in a capital gain of $2,073,074 upon which taxpayer paid a tax of $163,307. Taxpayer’s request for a refund was denied by the Division of Taxation on June 13, 1979.
*245 Taxpayer contends that retroactive application of the tax to his stock sale transaction violates constitutional due process and equal protection. Taxpayer argues that:
1. The transaction was conclusive as to taxpayer in 1974 when he granted the option to purchase. Taxpayer contends that the tax cannot be constitutionally imposed because the transaction was conclusive as to the taxpayer prior to the effective date of the tax.
2. The tax is imposed upon appreciation in value of the capital asset occurring prior to the effective date of the tax.
3. The tax is imprecise in failing to define gains subject to tax and improperly delegating to the Director of the Division of Taxation the authority to define taxable capital gains.
4. The tax is imposed on capital gains and unearned income but not on earned income, an unconstitutional classification. The tax is imposed for an arbitrarily short period of time (January 1, 1975 to July 8, 1976).
The Supreme Court of New Jersey has specifically upheld the constitutionality of the retroactive effect of this tax in Klebanow v. Glasser, 80 N.J. 367, 403 A.2d 897 (1979). That case involved a taxpayer who had moved to New Jersey in November 1974 and had sold stock on January 8,1975 relying upon the fact that New Jersey did not tax capital gains. The facts of this case differ from Klebanow in that the stock sale which occurred on February 5, 1975 resulted from the exercise of an option granted in 1974 by a taxpayer who had been a resident of New Jersey and who subsequently, on August 24, 1975, became a Florida resident.
The taxpayer argues that Klebanow does not govern this case for three reasons; first, the Supreme Court in the Klebanow case did not have before it complete and correct facts of the legislative history of the Act, second, the facts of the Heilman sale are different from the facts in the Klebanow sale and, third, the Supreme Court mistakenly assumed that the Act imposed an income tax.
The taxpayer’s claims have been considered and must be judged on the pleadings, motion papers and the offer of proof which, for the purpose of this motion, we assume contain all of the facts and legal issues upon which taxpayer would rely, no motion to amend the complaint having been made. There are no material facts in dispute, with the possible exception of the *246 taxpayer’s claim that he acted in reliance upon the state of the tax law of New Jersey as it existed in 1974, a fact that the court assumes for the purpose of this motion. Taxpayer’s offer of proof consisted of newspaper articles and legislative reports dealing with the fiscal climate during the 1970-75 period.
I.
A review of the offer of proof does not negate the legislative history as cited in Klebanow. Income tax bills had been introduced in 1974 prior to the October 8, 1974 option.[1] The court finds that the fiscal climate that existed in October, 1974 when taxpayer granted the option, and in December, 1974 when taxpayer extended the option, and the state of the law with respect to the permissible retroactivity of state taxation was such that the taxpayer could not safely assume that the capital gains income realized during the year in which the option transaction was finally consummated would be free from tax. Prior decisions of the United States Supreme Court have granted wide latitude to state legislatures in imposing taxes retroactively. The development of the law, beginning with Stockdale v. Atlantic Ins. Co., 87 U.S. (20 Wall) 323, 22 L.Ed. 348 (1874), is recounted in Klebanow. The New Jersey Supreme Court stated:
These cases demonstrate that in the income tax area retroactivity does not per se constitute a deprivation of property without due process. Retroactivity, at least with respect to income realized in the year in which the Act was passed, has been validated irrespective of whether the statute created a new tax or increased tax burdens by revising an existing law. It has been upheld even though the taxpayer may not have been aware of its imminency and even though the triggering event may have occurred because of some voluntary action or inaction on the part of the taxpayer. [Klebanow, 80 N.J. at 373, 403 A.2d 897]
The court concludes from a review of the pleadings and offer of proof that Klebanow cannot be distinguished from the instant case based upon the legislative history here presented. Taxpayer contends that the legislative history proves that in late 1974 *247 the likelihood of enactment of an income tax was so remote as to be negligible. The probability of enactment of a tax on income as evidenced by the speculation of commentators is a matter of degree which the court need not measure. Whether the chance of enactment is minimal or substantial is not relevant. If notice of potential taxation is necessary at all, such notice, regardless of degree, was present in 1974 when the taxpayer acted.
II.
Taxpayer contends that the facts of his transaction differ from those in Klebanow and that the application of the Act to the Heilman facts is so harsh and oppressive as to transgress constitutional limitations. Taxpayer urges that he had the right to conduct his affairs so as to minimize taxes and, in so doing, had the right to rely upon the New Jersey tax law as it existed at the time of the transaction. Further, he contends that, if he had sufficient warning, he could have moved out of the state early in 1975 to avoid imposition of the tax. He claims that by August, 1975, when the law was enacted, he had already been a New Jersey resident for too long a period during 1975 to change to nonresident status.
Taxpayers do have the right to order their affairs to minimize taxation but each taxpayer conducts his affairs subject to a degree of risk. The Legislature is not obligated to give specific advance notice of its proposed fiscal enactments. An income tax that would reach the income realized in the Heilman transaction was a possibility that could have been considered at the time of the grant of the extension of the option. The granting of an option involves more risk of future events than a sale. Income tax laws customarily tax gross or net income realized during the year, not individual transactions. The Act specifically imposes the tax “. .. upon unearned income earned, received or constructively accrued or credited to the taxpayer during his taxable year, subject to the exemptions allowed under this act.” N.J.S.A, 54:8B 3. Although conclusive upon Heilman *248 in 1974, income was not realized on the transaction until 1975. It is the realization that is taxed, not the grant of the option. The New Jersey Act imposing the tax on income earned, received or constructively accrued or credited is consistent with the federal income tax realization concept. There was no unconditional right to the purchase price in 1974. The purchase price was not earned, received or constructively accrued or credited until February 5, 1975 when the taxpayer became free to dispose of this income. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833 (1952); Lucas v. North Texas Lumber Co., 281 U.S. 11, 50 S.Ct. 184, 74 L.Ed. 668 (1930). Taxpayer has not set forth facts in his pleadings or offer of proof which establish that the taxable event occurred prior to January 1, 1975, the effective date of the Capital Gains and Other Unearned Income Tax Act, supra.
In Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938), the U.S. Supreme Court, upheld a Wisconsin tax enacted in 1935 which retroactively taxed 1933 income and approved the “recent transactions” principle of Cooper v. United States, 280 U.S. 409, 50 S.Ct. 164, 74 L.Ed. 516 (1930), on the ground that due process did not bar distribution of the costs of government among taxpayers by imposing taxation both prospectively and retroactively to tax income received during a recent year prior to the year of enactment.[2] The Court in Welch v. Henry stated:
[i]n each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation. [305 U.S. at 147, 59 S.Ct. at 125-126],
*249 The facts of the Heilman transaction do not differ sufficiently from the Klebanow facts to compel a finding that in Heilman the retroactive application of the Act is so harsh and oppressive as to transgress the constitutional limitation.
Taxpayer contends that the law approving retroactive application of an income tax does not apply to his case because the tax here imposed is not an income tax. He urges that the decisions proscribing retroactive taxation of estate and gift taxes should be applied. It is clear that the Act imposes a tax on income. The Act denominates the tax as such and imposes tax upon income items (other than earned income) realized by the taxpayer. The New Jersey Supreme Court concluded that the capital gains and unearned income tax was an income tax, a conclusion with which this court concurs.
III.
Plaintiff alleges in his complaint that the capital gains tax violates the equal protection clause of the United States and New Jersey Constitutions, U.S.Const., Amend. XIV, and N.J. Const., Art. 1, § 1, by imposing a tax on unearned income, and not upon earned income. The Legislature has broad discretion in formulating fiscal policy and in arranging the State tax structure. Its judgment in seeking to achieve an equitable distribution of the tax burden is not violative of equal protection requirements unless its classification is “palpably arbitrary”. Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); Walters v. City of St. Louis, 347 U.S. 231, 237, 74 S.Ct. 505, 509, 98 L.Ed. 660 (1954); Taxpayers Association of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6,364 A.2d 1016 (1976) cert. den., 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977) . Taxpayer has not set forth any facts in his pleadings or offer of proof which would indicate that taxation of capital gains and unearned income, while not taxing earned income, is so arbitrary or unreasonable as to violate the minimum standard of uniformity applicable to state legislative fiscal policy. This court finds that the classification differentiating capital gains *250 and unearned income from other income is not violative of constitutional classification requirements.
IV.
Taxpayer also maintains that the Act is void for vagueness because the Act is imprecise in defining gains from the sale or exchange of capital assets. The Act delegates the definition to the Director of Taxation. The Act requires the Director’s definition to be “consistent with definitions prescribed for Federal income tax purposes” with certain exceptions noted in the Act, N.J.S.A. 54:8B-2. The Director did promulgate regulations defining such gains as required in the Act. N.J.A.C. 18:30-6.1 et seq. The delegation in the Act specifies an adequate standard. Pascucci v. Vagott, 71 N.J. 40, 49, 362 A.2d 566 (1976). Where parallels between state and federal taxes exist, taxpayer convenience and administrative expediency is promoted by using the same definition. Adoption of federal income tax definitions or delegation to an administrator to do so has been held a valid delegation of authority. The regulation adequately defines the gain subject to tax. Due process requires a reasonably clear definition to be afforded the taxpayer to enable compliance with the Act. Pacific Telephone & Telegraph Co. v. Seattle, 291 U.S. 300, 54 S.Ct. 383, 78 L.Ed. 810 (1934). The taxpayer in this case was able to comply with the Act. He filed his tax return and paid the tax. The Act is not invalid either by reason of the delegation or the allegation of vagueness.
V.
Plaintiff’s argument that the Act is unconstitutional because it was in effect for only a short time period is without merit. The Act was constitutional when enacted and constitutionally repealed, thereby making the length of time in effect irrelevant.
VI.
Taxpayer’s final contention is that he should not be taxed on pre-enactment appreciation of his stock. Taxpayer *251 maintains that, if he is to be taxed at all, the tax must be calculated on the appreciation in value occurring between January 1, 1975, the effective date of the Act, and February 5, 1975, the closing date of the sale. This is contrary to the regulation defining gains promulgated by the Director. N.J.A.C. 18:30-6.8 provides that the adjusted basis to the taxpayer shall be the same as his adjusted basis for federal income tax purposes.” The Supreme Court of the United States has held that “realization of the gain is the event which calls into operation the taxing act, although part of the profit realized in one accounting period may have been due to increase of value in an earlier one.” MacLaughlin v. Alliance Ins. Co. of Philadelphia, 286 U.S. 244, 249, 52 S.Ct. 538, 539, 76 L.Ed. 1083 (1932); Hough v. Director, 2 N.J.Tax 67 (Tax Ct. 1980). Application in value is not realized income until it has been separated from the capital. There can be no capital gain realized until a sale or exchange severs the amount of income from the capital value. The gain could not have been taxed in prior years because a taxable event had not occurred which would have fixed the amount of gain subject to taxation. In Kellems v. Brown, 163 Conn. 478, 313 A.2d 53 (Sup.Ct. 1972), app. dism., 409 U.S. 1099, 93 S.Ct. 911, 34 L.Ed.2d 678 (1973) the Connecticut Supreme court held that the Connecticut Capital Gains and Dividends Tax (the model for the New Jersey Capital Gains and Unearned Income Tax Act) validly taxed pre-enactment appreciation of the assets subject to the capital gains tax. Id., 313 A.2d at 67-69; See, e. g., Tiedemann v. Johnson, 316 A.2d 359 (Me.Sup.Ct.1974). This court holds that taxable gain under the Act may be computed using the taxpayer’s federal income tax basis, even though such basis may have been established prior to the effective date of the Act.
Taxpayer has failed to set forth any material fact in controversy which would entitle taxpayer to relief. It is this court’s conclusion that, by applying well settled law to the facts at hand, defendant’s motion for summary judgment will be granted because there is no genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law. R. 4:46-2.
*252 The Clerk of the Tax Court is authorized to enter judgment in accordance with this opinion.

 Three Bills providing for tax on capital gains modeled after the Connecticut capital gains tax were introduced: 3/18/74 (A-1305); 7/8/74 (A-1883) and 7/15/74 (A-1949). Each provided for the tax to be effective 1/1/75.

 In this regard it should be noted that taxpayer cited the decision of the United States District Court for the Eastern District of California in the case of Darusmont v. United States, 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 549 (1981). The decision involved the 1976 amendment to the Internal Revenue Code. The court held that retroactive application of the amendment to the code was a denial of due process. On January 12, 1981 the United States Supreme Court reversed the decision of the District Court, holding that amendments to the Tax Reform Act of 1976 enacted October 4, 1976, retroactive to January 1, 1976, did not violate due process.