**COLONIAL WHOLESALE BEVERAGE CORPORATION, Petitioner, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

No. 88–2204.

United States Court of Appeals, First Circuit.

Heard June 7, 1989.

Decided June 28, 1989.

* Of the Ninth Circuit, sitting by designation.

Andrew Shabshelowitz, Fall River, Mass., for petitioner, appellant.

William A. Whitledge, Tax Div., Dept. of Justice, with whom James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen and Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D.C., were on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, REINHARDT * and TORRUELLA, Circuit Judges.

PER CURIAM.

This appeal concerns the federal income tax treatment of beverage can deposits (5¢ per can) collected by a beverage wholesaler pursuant to the Massachusetts bottle deposit law, Mass.Gen.Laws ch. 94, §§ 321–327 (1986). First, the taxpayer argues that these deposits need not be considered income, but instead can be treated as liabilities in an accounting reserve. Second, the taxpayer argues that if the deposits *are* deemed to be income, then the taxpayer should be entitled to a deduction in the current year for those deposits that it expects it will have to return.

The Tax Court rejected both of these contentions. *Colonial Wholesale Beverage Corp. v. Commissioner of Internal Revenue*, 55 T.C.M. (CCH) 1736 (1988). It held that the deposits *were* income, in that the facts suggested that the taxpayer sold both the can and its contents. Unlike cases involving security deposits on refillable containers, the taxpayer did not retain title to the cans, and neither the consumer nor the retailer was under any legal obligation to return them. Moreover, the taxpayer had full use of these "deposit" funds. The Tax Court also held that under the "all events" test, *see* Treas.Reg. § 1.461–1(a)(2),

26 C.F.R. § 1.461–1(a)(2) (1986), no deduction can be taken for returns until the cans are actually returned to the wholesaler. Until such time, the taxpayer's liability is not "firmly established." *United States v. General Dynamics Corp.*, 481 U.S. 239, 243, 107 S.Ct. 1732, 1735–1736, 95 L.Ed.2d 226 (1987). *Accord Dana Distributors, Inc. v. Commissioner*, 874 F.2d 120 (2d Cir.1989).

We affirm for substantially the reasons set forth in the Tax Court's clear and cogent opinion.

*Affirmed.*