FROST LUMBER INDUSTRIES, INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100486. Promulgated August 15, 1941.

*E. P. Lee, Esq.*, for the petitioner.
*Donald P. Moyers, Esq.*, for the respondent.

1252

MURDOCK: The petitioner has devoted its brief to the law of real estate contracts in Louisiana. It argues that an irrevocable, binding contract for the sale of land resulted when the Government notified the petitioner on August 23, 1935, of the election to purchase under the option; ownership passed at that time; title passed when the deed was executed and recorded in December 1935; the Government then became unconditionally bound to pay for the land conveyed; and the petitioner, using an accrual method of accounting, properly accrued the profit in 1935. It says the only thing left to be done was the fixing of the exact acreage by a survey and the examination and approval of title, but the Government was unconditionally bound to pay "in accordance with the acreage found from survey for such titles as were approved." The petitioner has neglected that accounting question, except to distinguish one case, *Lucas* v. *North Texas Lumber Co.*, 281 U. S. 11, upon which the Commissioner does not rely. Assuming the correctness of the petitioner's argument in so far as it relates to the law of Louisiana, it nevertheless fails to support the accrual of the profit in 1935 for Federal income tax purposes.

A taxpayer on a cash basis would not properly report his profit from this transaction until the purchase price was actually paid. That did not occur in 1935. But the date of actual payment is not decisive here, since the petitioner was using an accrual method of accounting. Section 42 provides that all items shall be included in gross income in the year of receipt, "unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period." Decision must depend upon whether or not the profit was properly accrued in 1935. It has been held repeatedly and consistently that amounts are properly accrued for income tax purpose, whether items of income or deduction, when, and only when all of the events have occurred which are necessary to fix the obligation and the amount thereof. *United States* v. *Anderson*, 269 U. S. 422; *American National Co.* v. *United States*, 274 U. S. 99; *Lucas* v. *American Code Co.*, 280 U. S. 445; *Lucas* v. *North Texas Lumber Co., supra; Commissioner* v. *Darnell, Inc.*, 60 Fed. (2d) 82; *United States* v. *Amalgamated Sugar Co.*, 72 Fed. (2d) 755; *Commissioner* v. *Union Pacific Railroad Co.*, 86 Fed. (2d) 637; *United States* v. *Utah-Idaho Sugar Co.*, 96 Fed. (2d) 756; *London-Butte Gold Mines Co.*, 41 B. T. A. 852; affd., 116 Fed. (2d) 478; *Schoellkopf Aniline & Chemical*

*Works, Inc.* v. *United States*, 77 Ct. Cls. 529; 3 Fed. Supp. 417. See also Paul & Mertens, Law of Federal Income Taxation, sec. 11.72.

The above principle decides this case for the Commissioner. All of the events necessary to fix the obligation and the amount thereof, or upon which the calculation of the amount depended, had not occurred by the close of 1935. The record is silent as to the state of the survey but it shows that the acreage had not been determined, title examination was not nearly completed, approval of any particular acreage was still absent and uncertain, and the amount later to become due as purchase price had not been determined and was not determinable as of the close of 1935. The Weeks Law, brought to the attention of the petitioner in the notice of August 23, 1935, provides that no payment may be made for forest lands until the title shall be satisfactory to the Attorney General. Cases involving the sale of a definite amount of goods for a stated price are not in point. Cf. *Walter M. Hort*, 39 B. T. A. 922 (affd., 112 Fed. (2d) 167, and 313 U. S. 28, on another issue). Here, there was in 1935 a possibility, no doubt remote, that the title to none of the acreage would be approved. The amount entered upon the books in 1935 as purchase price was incorrect and based upon the false and unwarranted assumptions that there were 53,947.13 acres in the tract and title to all would be approved. But the petitioner had no way of knowing how much land would be sold and how much would be due it when the transaction finally would be completed. Thus the petitioner had no right to accrue any amount in 1935 as an obligation due it for income tax purposes.

These uncertainties were provided for in the option and acceptance and were fully realized by both parties to the transaction. The option contains statements that the acreage upon which payment should be based was to be determined by a survey to be made by the Government and deeds were to be furnished as the petitioner should be advised by the Government. The notice of election advised the petitioner that the Government was not going to be bound to take or pay for any acreage until it had established the boundaries, had determined the accurate acreage, had examined the title and had had the title approved by the Attorney General as required by law. The deed was not recorded in 1935 at the request of the Government and the recording bound the Government in no way at that time. Later, of course, it accepted the deed as sufficient for the purpose of transferring record title. Even so, the deed purported to convey more acres than were actually sold. The entry by the Government was in accordance with its rights under the option and is not inconsistent with the conclusions reached herein. The fact that the Louisiana authorities collected no taxes on the property for 1935 loses all significance in the light of the determinative factors already

1254

discussed. The condemnation proceeding detracts from the petitioner's case rather than adds thereto. It is not necessary to determine just what kind of a contract resulted from the acts of the parties, since it is clear that certain essentials for income tax purposes were completed in 1936 and not in 1935. Cf. *Number Nine Plantation*, 23 B. T. A. 974.

*Decision will be entered for the respondent.*