T.C. Memo. 1996-413


UNITED STATES TAX COURT


FRANK'S CASING CREW AND RENTAL TOOLS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 25058-93, 1327-95.      Filed September 16, 1996.


P is an "oil field contractor" that sells oil
pipes, leases equipment used in oil fields, and
provides crews necessary to operate the leased
equipment.  P's contracts with its customers generally
provide that payment is due when P sends the customer
an invoice that includes all supporting documentation
(i.e., job tickets, equipment tickets, and third party
charges).  On a number of occasions during the relevant
years, P did not invoice a customer until after yearend
because it had not yet received a third party's
invoice.  In those cases, P did not accrue the related
income until the year during which it invoiced the
customer, even though its contract with the customer
was fully performed by the close of the previous year.
Held: It was not an abuse of discretion for respondent
to conclude that income from the yearend contracts was
accruable for the years in which performance of the
contracts was completed.


Stanley B. Blackstone, for petitioner.

Susan S. Canavello, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Frank's Casing Crew and Rental Tools, Inc., petitioned the Court to redetermine respondent's determination of income tax deficiencies of $182,660, $164,150, and $46,461 in its taxable years ended August 31, 1989, 1990, and 1991, respectively.  Following concessions by respondent, we must decide whether respondent committed an abuse of discretion in changing petitioner's method of accounting for income from certain of its contracts.  We hold for respondent.  Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference.  Petitioner was incorporated on October 8, 1956, under the laws of the State of Louisiana.  It filed 1988, 1989, and 1990 Forms 1120, U.S. Corporation Income Tax Return, using an accrual method and a fiscal year ended August 31.[1]  It had its

---

[1] Petitioner subsequently amended its 1988 and 1989 tax returns.

principal office in Lafayette Parish, Louisiana, when it petitioned the Court.

Petitioner is an "oil field contractor" that sells oil pipes, leases equipment used in oil fields, and provides crews necessary to operate the leased equipment. Petitioner's customers are mainly large oil companies, and many of these customers transport the leased equipment from petitioner's location to the job site. In some cases, petitioner transports the leased equipment itself, or it rents equipment from third parties in order to transport the leased equipment to the job site. Petitioner incurs expenses transporting the leased equipment to the sites.

Petitioner enters into written contracts with its customers. These contracts are usually provided by the customers, and the terms of each contract vary from customer to customer. A term that tends to be uniform throughout the contracts is that a customer's payment is due when petitioner sends the customer an invoice that includes all supporting documentation (e.g., job tickets, equipment tickets, and third party charges). On a number of occasions during the relevant years, petitioner did not invoice a customer until after the year of completion of its performance of the contract because it had not yet received a third party's invoice. In those cases, petitioner postponed accrual of the related income until the year of invoice. In the case of pipe sales that occurred before yearend, but were not

invoiced until after yearend because of lack of documentation,
petitioner followed a similar pattern.  Petitioner's use of the
invoicing date to control the accrual of income resulted in a
deferral of the following amounts of gross receipts for sales and
services that were completed during its taxable years ending in
1988, 1989, and 1990 but billed in the respective succeeding
taxable years:

| Taxable year ended | Amount |
|---|---|
| Aug. 31, 1988 | $846,897 |
| Aug. 31, 1989 | 553,623 |
| Aug. 31, 1990 | 927,451 |

Petitioner accrues various expenses at yearend.

## OPINION

Respondent determined that petitioner's method of accounting
erroneously deferred recognizing income from sales and services
billed after the year in which they were completed.  Respondent
argues that this method was inconsistent with the all events test
for the accrual of income.  Respondent argues that petitioner
acquired a fixed right to receive income for these goods and
services once it completed performance.  Petitioner argues that
its right to receive income from these yearend sales and services
was not fixed in the year that the goods were delivered or the
services rendered, given that it could not invoice its customers
until the following year.  Petitioner argues that respondent
abused her discretion in not accepting its method of accounting,
which in petitioner's view results in only "minor deviations"

from a strict application of an accrual method.  Petitioner argues that respondent cannot challenge its method of accounting for yearend sales and services because it has used this method consistently in prior years that were audited by respondent without relevant change.

Turning first to the parties' dispute over the all events test, a taxpayer recognizes income under an accrual method when all events have occurred that fix the right to receive the income, and the amount thereof can be determined with reasonable accuracy.  Secs. 1.446-1(c)(1)(ii), 1.451-1(a), Income Tax Regs.; see also United States v. Anderson, 269 U.S. 422 (1926); Hallmark Cards, Inc. v. Commissioner, 90 T.C. 26, 32 (1988). It is the right to receive an item of income, rather than its actual receipt, that controls when the item is includable in the gross income of an accrual method taxpayer.  When the right to receive a set amount of income becomes fixed, the income ordinarily accrues.  Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 184 (1934); Resale Mobile Homes, Inc. v. Commissioner, 91 T.C. 1085, 1093 (1988), affd. 965 F.2d 818 (10th Cir. 1992).

Petitioner claims that its right to receive income on a yearend sale or service is not fixed for purposes of the all events test until it sends the fully documented invoice to its customer.  It was not an abuse of discretion for respondent to reach the opposite conclusion.  By the end of each year in issue,

petitioner had completed its performance with respect to the sales and services. The parties do not dispute the amount of income earned by petitioner for these goods and services. We conclude that respondent committed no abuse of discretion in determining that the all events test had been met. Petitioner must accrue income from the goods and services in the taxable year in which performance occurs, and it cannot wait until the year in which it invoices its customer. Although petitioner may not have physically possessed all of the documentation necessary to invoice its customers for the sales and services in the year of performance, petitioner's preparation and sending of the invoices were ministerial acts that did not postpone accrual of the income otherwise earned. See Continental Tie & Lumber Co. v. United States, 286 U.S. 290 (1932); Dally v. Commissioner, 227 F.2d 724 (9th Cir. 1955), affg. 20 T.C. 894 (1953); Frost Lumber Indus. v. Commissioner, 128 F.2d 693 (5th Cir. 1942), revg. 44 B.T.A. 1249 (1941); Orange & Rockland Utils., Inc. v. Commissioner, 86 T.C. 199, 214 (1986). For purposes of the all-events test, completion of petitioner's performance on the contracts fixed its right to receive payment for the goods and services, regardless of petitioner's invoicing practice.[2]

---

[2] While we have previously upheld deferred billing practices of certain taxpayers, those taxpayers generally operated in a heavily regulated industry or were able to establish wide acceptance within their industry of such an accounting practice. See, e.g., Orange & Rockland Utils., Inc. v. Commissioner, 86 T.C. 199 (1986); Public Serv. Co. of New Hampshire v.

Petitioner relies primarily on Decision, Inc. v. Commissioner, 47 T.C. 58 (1966), for a contrary result.[3] We find petitioner's reliance misplaced. In Decision, Inc. v. Commissioner, supra, the taxpayer's contracts provided that orders placed in 1963 would be billed on January 1, 1964. The Court held that the arrival of the 1964 billing date was necessary to fix the right to income, and that therefore the income did not accrue during 1963. In contrast with the present case, performance of the taxpayer's contracts in that case was not completed until February of 1964, after the billing date. We conclude that Decision, Inc. is distinguishable on that basis.

Petitioner also argues that respondent is barred from arguing that its method of accounting for the sales and services is inappropriate, given the fact that she did not challenge this method during prior audits. We disagree. Respondent's acquiescence in an accounting practice in prior years does not prevent an adjustment in later years. Meneguzzo v. Commissioner, 43 T.C. 824, 836 (1965); Massaglia v. Commissioner, 33 T.C. 379, 386-387 (1959), affd. 286 F.2d 258 (10th Cir. 1961). Although

_____

Commissioner, 78 T.C. 445 (1982); Hospital Corp. of America & Subs. v. Commissioner, T.C. Memo. 1996-105. In the instant case, petitioner has presented no evidence to establish that its invoicing practice is regulated or widely accepted in the oil field industry.

[3] Petitioner also relies on Jerry Lipps, Inc. v. Commissioner, T.C. Memo. 1990-293. We do not read that case to compel a result different than we reach herein.

respondent's acquiescence in prior audits to a taxpayer's accounting method may be considered in determining whether she is justified in changing that method currently, <u>Public Serv. Co. v. Commissioner</u>, 78 T.C. 445, 456 (1982), we reject petitioner's attempt to prevent respondent from changing its erroneous method of accounting under the facts herein. See <u>Ezo Prods. Co. v. Commissioner</u>, 37 T.C. 385, 391 (1961); see also <u>Thomas v. Commissioner</u>, 92 T.C. 206, 225-226 (1989). We hold for respondent. In so holding, we have considered all of petitioner's arguments for a contrary holding and, to the extent not addressed above, find them to be irrelevant or without merit.[4]

To reflect concessions,

<u>Decisions will be entered under Rule 155</u>.

---

[4] In particular, we note that we have rejected petitioner's argument concerning an abuse of discretion. Simply stated, respondent's determination is within the broad discretion that she is afforded with respect to matters of tax accounting. See, e.g., <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532-533 (1979); <u>Commissioner v. Joseph E. Seagram & Sons, Inc.</u>, 394 F.2d 738, 743 (2d Cir. 1968), revg. 46 T.C. 698 (1966); <u>Thomas v. Commissioner</u>, 92 T.C. 206, 220 (1989).